POLK *v.* BOOKER.

Opinion delivered March 16, 1914.

1. IMPROVEMENT DISTRICTS—ROAD IMPROVEMENTS—REPEAL OF FORMER ACT.—Act No. 325, Acts of 1913, p. 1465, authorizing the formation of road improvement districts, does not repeal Act 402, p. 1151, Acts of

1909, providing for the formation of road improvement districts by order of the county judge. (Page 104.)

2.  STATUTES—SPECIAL ACT—REPEAL BY GENERAL ACT.—A special act is not repealed by a later general act on the same subject, when the latter is not exclusive to the extent of covering the whole subject matter to which it relates, or where there is no manifest intention, either expressed or implied, on the part of the Legislature that the former be abrogated and repealed by the latter statute. (Page 104.)

3.  IMPROVEMENT DISTRICTS—ROAD IMPROVEMENTS—STATUTE—VALIDITY.— Act No. 325 of the Acts of 1913, on the subject of road improvement districts, is invalid because of the failure of the Legislature to provide a method of assessment of benefits therein. (Page 104.)

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; affirmed.

*J. W. House, Jr.,* for appellants.

1.  Act 302 of the Acts of 1913, being a general law, affecting the whole State, and covering the entire subject of road improvements, necessarily repeals the prior special act under which the appellees assume to proceed, Act 402 of the Acts of 1909. See § § 86 and 33 of Act 302, Acts 1913; 158 S. W. 1075; 84 Ark. 329; 80 Ark. 411-415; 82 Ark. 302; 88 Ark. 324; 92 Ark. 600; 100 Ark. 500; 101 Ark. 238; 105 Ark. 79.

2.  Act 325 of the Acts of 1913, repeals Act 402 of the Acts of 1909, because the amount of assessment permits a change from 30 to 20 per cent., and because the later act covers the entire subject of road improvement in Pulaski County. The two acts are inconsistent.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

1.  The act of 1909 was not repealed by the general highway act. 158 S. W. 1075.

2.  This act of 1909 was not repealed or affected by Act 325 of the Acts of 1913, because the latter was but a re-enactment of Act No. 144 of the year 1907, except that it excludes Pope County from its operation, and this court had already declared the Act No. 144 to be invalid.

McCulloch, C. J. The General Assembly of 1907 passed a special statute applicable only to Jefferson County, entitled "An Act to provide for the creation of improvement districts for the building, constructing, maintaining and repairing of public roads." The act provides for the formation of road districts by order of the county court and for the appointment of directors by the county court, and also makes appropriate provision for the assessment of benefits and collection of the assessments for the purpose of constructing the road.

This court, in *Parkview Land Co.* v. *Road Improvement District No. 1,* 92 Ark. 93, held that that statute was valid except the part which contained authority for forming a whole county into a road district.

The statute was re-enacted at length at the session of 1909 (Act No. 402, page 1151), and its operation extended so as to apply to the counties of Jefferson, Pulaski, Faulkner, Woodruff, Garland and Lincoln; and the amendatory statute was passed upon and upheld by this court in the case of *Road Improvement District No. 2* v. *Winkler,* 102 Ark. 553.

Certain owners of real property in Pulaski County presented their petition to the county court, pursuant to the terms of the statute above referred to, praying that a road improvement district be formed embracing the territory described in the petition, and an order was made by the county court forming the district and appointing appellees as directors.

Appellant instituted this action in the chancery court to restrain the directors from proceeding with the duties prescribed by said statute on the ground that the special statute had been impliedly repealed by the Act of 1913, creating the Department of State Lands, Highways and Improvements, and authorizing the formation of improvement districts pursuant to the terms thereof.

We held, in *Jones* v. *Oldham,* 109 Ark. 24, 158 S. W. 1075, that the general statute just referred to did not operate as a repeal of a special statute passed at the

same session authorizing the formation of road improvement districts in Lonoke and Prairie counties.

. We think that, upon authority of that and numerous other decisions of this court, the chancellor was correct in his finding that there has been no repeal of the Act of 1909.

In the case of *Hampton* v. *Hickey,* 88 Ark. 324, this court held (quoting from the syllabus) : ''(1) While the general rule is, that a general act does not repeal a prior special act, the question is always one of intention, and the purpose to abrogate the particular enactment by a later general act is sufficiently manifested when the provisions of both can not stand together.   (2) A later statute which extends and enlarges a right before existing impliedly repeals a law by which the former was created or given.   (3) When a later statute is exclusive, that is, where it covers the whole subject matter to which it relates, it will be held to repeal by implication all prior statutes on that subject, whether they are general or special.''

The doctrine of that case was reiterated in the recent case of *King* v. *McDowell,* 107 Ark. 381.

A comparison of the two statutes leads irresistibly to the conclusion that there was no intention on the part of the Legislature to repeal any other statute.   The provisions of the general statute, as summarized in *Jones* v. *Oldham, supra,* clearly show that there was no intention to make that act exclusive so far as concerns the formation of road improvement districts, for it clearly recognized the validity of other districts and the continuing existence of other statutes authorizing the formation thereof.   It merely provides for an optional or alternative procedure for the formation of improvement districts, and places those districts which are formed under that statute under the supervision of the State Highway Commission.   Nor is there any extension and inclusion in the new general statute of the rights already conferred in the special statute, which contains special provisions

and confers special authority in the limited territory covered by the act.

It is also contended that the statute is impliedly repealed by Act No. 325 of the General Assembly of 1913, 1465, which undertakes to amend Act No. 144 of the session of 1907, 340.

This court held, in the case of *Road Improvement District* v. *Glover*, 89 Ark. 513, that Act No. 144 of the session of 1907, 340, was inoperative and void because it failed to provide a method of assessing benefits.

Act No. 325 of the session of 1913, page 1465, was a re-enactment of Act No. 144, except that it was extended so as to include Pope County in its operation. The lawmakers doubtless overlooked the fact that the act sought to be amended had been declared inoperative by this court and they failed to cure the defect by incorporating a provision for the assessment of benefits. It, too, must be held to be inoperative, and it, therefore, can not be treated as a repeal of another valid statute.

There being no repeal of the statute, the authority of the county court to act in the premises being complete, the chancellor was correct in refusing to enjoin appellees from proceeding with the discharge of their statutory duties.

Affirmed.