CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v*.
McCLANAHAN.

Opinion delivered December 12, 1921.

1. APPEAL AND ERROR—REVERSIBLE ERROR.—While it was error, in an
   action to recover from a carrier the statutory penalty for mak-
   ing an overcharge in passenger fare, to instruct the jury that
   if the defendant intentionally demanded from plaintiff a greater
   sum than that charged other passengers for the same distance
   traveled, such error is not ground for reversal when no speci-
   fic objection was taken, and where it appeared from other instruc-
   tions that the court intended merely to submit to the jury the
   question whether defendant exacted an excessive fare from plain-
   tiff.

2. CARRIERS—STATUTES CONSTRUED.—Crawford & Moses' Digest, §§
   879, 880, fixing maximum rates of passenger fares, *held* con-
   fiscatory and unconstitutional.

3. CARRRIERS—OVERCHARGE—PENALTY.—Under Kirby's Dig. § 6620,
   a carrier forfeits a penalty of not less than $50 for an overcharge
   in passenger fare, and also a reasonable attorney's fee.

Appeal from Hot Spring Circuit Court; *W. H.
Evans*, Judge; affirmed.

*Thos. S. Buzbee* and *Geo. B. Pugh*, for appellant.

*W. H. Mizell*, for appellee.

WOOD, J.   On the 24th day of August, 1920, the ap-
pellee purchased from appellant's ticket agent at Mal-
vern, Arkansas, a ticket from Malvern to Hot Springs
and return.   Appellee boarded appellant's train at Mal-
vern and presented his ticket to the auditor, who punched
the ticket and returned it to the appellee.   The appellee
was to change trains at Butterfield.   On getting on the
train at Butterfield the appellee presented his ticket to
the auditor, who refused to accept the same and required
the appellee to pay cash fare from Butterfield to Hot
Springs, charging appellee the sum of seventy-eight

cents, whereas the passenger fare from Butterfield to Hot Springs, according to the schedule of rates in effect at that time, was fifty-six cents.

This action was instituted by the appellee against the appellant to recover penalties for overcharges under the act of April 4, 1887, sections 6611-6620 of Kirby's Digest. The complaint alleged the facts as above set forth. The appellant denied all the material allegations of the complaint and demurred to the same on the ground that the act of April 4, 1887, had been repealed by act No. 8 of the Acts of 1907 and by act No. 90 of the Acts of 1915, amending act No. 8 of the Acts of 1907 as found in sec. 879 *et seq.*, Crawford & Moses' Digest.

The testimony of the appellee and of witnesses in his behalf tended to establish the facts as above set forth. On behalf of the appellant E. E. Murrell testified that he was the conductor of the train on which appellee was a passenger on the occasion mentioned by him; that he did not refuse to accept the appellee's ticket for transportation; that no ticket was offered him by the appellee. He did not charge the appellee from Butterfield to Hot Springs the sum of seventy-eight cents. His record shows that he collected three fares from Butterfied to Hot Springs on that occasion, and they were each charged fifty-six cents. Witness had been a conductor on the Rock Island for fifteen years and knew the fare from Butterfield to Hot Springs and had a rate sheet giving the fare. The fare at that time from Butterfield to Hot Springs was fifty-six cents.

At the instance of the appellee, the court in effect instructed the jury that, if the appellant intentionally demanded and received from the appellee a greater sum than that allowed and paid by other passengers for the same distance, they should find in appellee's favor; that a man is presumed to intend the natural and probable consequences of his own acts, and that, if the appellee purchased a ticket from Butterfield to Hot Springs and

return and the conductor refused to carry him on this ticket and charged him any amount of money instead of accepting the ticket, this would be an overcharge. And further, if the conductor collected a cash fare from the appellee from Butterfield to Hot Springs and took an amount over the regular tariff of fifty-six cents, this would constitute an overcharge, and the jury should return a verdict in favor of the appellee.

The appellant prayed the court in effect to instruct a verdict in its favor, which the court refused to do. At the instance of the appellant, the court gave an instruction to the effect that a mistake in making change by which too little change was returned to the passenger would not entitle the passenger to the penalty prescribed by the statute for an overcharge, and also that, if the appellee bought a ticket from Malvern to Hot Springs and used it from Malvern to Butterfield and changed at Butterfield to another train to Hot Springs, and the conductor or fare collector on the train from Butterfield to Hot Springs refused to accept the ticket for that portion of the trip and demanded and collected fare from Butterfield to Hot Springs, this would not constitute two overcharges nor subject the railway company to two penalties. The jury returned a verdict in favor of the appellee in the sum of $50. The court awarded the appellee $40 as an attorney's fee, and entered judgment against the appellant accordingly, from which is this appeal.

The objections to the instructions that were given by the court were general. The court did not err in refusing appellant's prayers for peremptory instructions, for there was testimony to warrant the jury in finding that the appellant had refused to accept the appellee's ticket from Butterfield to Hot Springs for which the appellee had paid, but charged appellee for transportation from Butterfield to Hot Springs, and charged him more than the regular fare or schedule rate of fifty-six cents, or three cents per mile. The

court erred in telling the jury that if the appellant intentionally demanded from the appellee a greater sum than that charged other passengers for the same distance traveled, appellant would be liable in this action. However, there was no specific objection to this instruction, and it is manifest that by this instruction the court intended only to tell the jury that if the appellant demanded of the appellee a fare in excess of the regular passenger tariff rate from Butterfield to Hot Springs, this would constitute an overcharge and render appellant liable. The other instructions given by the court showed that such was evidently the court's meaning, and, if the appellant conceived that the instruction had a different meaning, it should have directed the attention of the court to it by specific objection.

The appellant next contends that sections 6611 to 6615 inclusive, and sections 6619 and 6620 of Kirby's Digest and the act of April 4, 1887, were repealed by act No. 8 of the Acts of 1907 and by act No. 90 of the Acts of 1915 amendatory of the act of April 4, 1887, and of act No. 8 of the Acts of 1907, (Sec. 879 *et seq.,* Crawford & Moses' Digest), and that these later acts were declared confiscatory and unconstitutional by the district Federal court. The decision of the Federal court declaring the later repealing acts unconstitutional and void necessarily left the original act of April 4, 1887, under which appellant instituted this action, in full force at the time of the alleged overcharge. Section 3 of that act, Sec. 6620 of Kirby's Digest, provides that "any of the persons or corporations mentioned in section one that shall charge, demand, take, or receive from any person or persons aforesaid any greater compensation for the transportation of passengers than is in this act allowed or prescribed, shall forfeit and pay for every such offense any sum not less than fifty dollars, nor more than three hundred dollars, and costs of suit, including a reasonable attorney's fee, to be taxed by the court where the same is heard."

Therefore, under the act of April 4, 1887, the judgment in favor of the appellee for the sum of $50 was authorized, and the court was justified in taxing the sum of $40 as a reasonable attorney's fee. The record presents no error, and the judgment is therefore affirmed.