MARK SPEAR V. THE STATE.

No. 6689.  Decided February 15, 1922.

Intoxicating Liquor—Possession—Sale—Repeal.

Under the law as now amended, the possession of intoxicating liquor is not an offense unless such possession is for the purpose of sale, and the judgment must therefore be reversed and the cause dismissed.  Following Francis v. State, 90 Texas Crim. Rep., 67.

Appeal from the District Court of Armstrong.  Tried below before the Honorable Henry S. Bishop.

Appeal from a conviction of unlawfully possessing intoxicating liquor; penalty, one and one-half years in the penitentiary.

The opinion states the case.

*Stone, Miller & Guleke,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Punishment was assessed against appellant of one and one-half years confinement in. the penitentiary upon a conviction for the possession of intoxicating liquors.

The indictment charged appellant with the possession of intoxicating liquor not for scientific, mechanical, medicinal or sacramental purposes under the prohibition law prior to the Acts of the Thirty-seventh Legislature.  The law was so amended by the Acts of the First and Second Called Sessions of that Legislature, page 233, that the possession of intoxicating liquor is not an offen·e unless such possession is for the purpose of sale.  Under authority of Francis v. State, 90 Texas Crim. Rep., 67, 235 S. W. Rep. 380; Petit v. State, 90 Texas Crim. Rep. 336, 235 S. W. Rep. 579; Exparte Mitchum, 91 Texas Crim. Rep., 62, 237 S. W. Rep., 936, No. 6772 (opinion delivered February 1st, 1922), the prosecution can not be maintained under the present form of indictment.

The judgment of the trial court is reversed and the prosecution ordered dismissed under the indictment in its present form.

*Reversed and dismissed.*