In the Matter of the Estate of THOMAS J. CAULFIELD, Deceased.

Surrogate's Court, New York County, April 14, 1930.

*O'Brien, Malevinsky & Driscoll [Joseph F. McCloy* of counsel], for executors and residuary legatees.

*Charles A. Curtin,* for the State Tax Commission.

FOLEY, S. This is a motion by the executors of the above-named decedent to vacate the order fixing tax entered herein on April 3, 1928, on the following grounds: (1) That the surrogate is without jurisdiction; (2) that article 10 of the New York Tax Law, as amended, fails and omits to provide any tax upon the transfer of real property and tangible personal property within the State of which non-residents of the State of New York may die seized or possessed, thereby providing for an illegal and unconstitutional classification of such property; (3) that said article 10 of the New York Tax Law is wholly void as it is in contravention of article 1, sections 1 and 6, of the Constitution of the State of New York and article 1, section 10, of the Constitution of the United States, and of section 1 of the Fourteenth Amendment of the Constitution of the United States and also of the Fifth Amendment of said Constitution; (4) that said article 10 is wholly void and is contrary to the provisions of article 4, section 2, of the Constitution of the United States.

Thomas J. Caulfield, the decedent herein, died on September 16, 1927, a resident of New York county, leaving a last will which was duly admitted to probate and letters testamentary issued thereon. The report of the transfer tax appraiser was filed on March 3, 1928, and a *pro forma* order fixing tax entered thereon on April 3, 1929. The decedent left real estate in New York State valued at $120,000 and tangible personal property of the value of $329.50. The balance of the estate consisted of cash and stocks and bonds. After making several specific bequests, the decedent bequeathed the remainder of his estate to twelve nephews and nieces, all residents of New York, except one who resides in New Jersey. Prior to 1925, the Tax Law, article 10, made no distinction in assessing and collecting a transfer tax, between residents and non-residents as to procedure, exemption and rates. By the amendment of 1925 (Laws of 1925, chap. 143, § 9) the Legislature endeavored to divide the transfer tax system into two parts. *First.* Article 10 dealt with transfers of resident estates which remained substantially the same as the prior law, and *second,* article 10-A dealt with non-residents which allowed the executor or administrator to pay a flat rate of two per cent on the gross estate or three per cent on the net estate.

This estate was taxed under this law as amended by chapter 143 of the Laws of 1925. Because of its discrimination as to non-residents, under subdivision 1 of section 2 of article 4 of the Constitution of the United States, that statute was declared unconstitutional in part and it was held that no tax was collectible under its provisions. (*Smith* v. *Loughman*, 245 N. Y. 486.)

The decision in the pending application was held in abeyance until a determination by the Court of Appeals of the questions which were before it in *Matter of Nash* v. *Lynch* (226 App. Div. 421) and the certiorari proceeding in *Matter of Smith* v. *Loughman* (226 App. Div. 395). The Court of Appeals has now affirmed these cases without opinion (253 N. Y. 564, 565). In view of these decisions and the decision of the Court of Appeals in *City Bank Farmers Trust Co.* v. *New York Central Railroad Co.* (253 N. Y. 49) a transfer tax on estates of both resident and non-resident estates of decedents dying between July 1, 1925, and March 12, 1928 (while the law with its partial invalidity was on the statute books), is a lawful impost.

The effect of these decisions in brief is (1) to provide that residents and non-residents shall be similarly taxed; (2) that the legislation of 1928,* which attempted to tax non-residents' estates retroactively, was void, but its procedural provisions remained effective; (3) the rates of such taxation are based upon the provisions of article 10 of the Tax Law, as amended; (4) as to non-residents, the estates of decedents who died after the taking effect of the 1925 statute were not exempt entirely from tax, but the prior statute (Art. 10) continued in force; (5) that notwithstanding the declaration of unconstitutionality of *Smith* v. *Loughman* (*supra*) reciprocity was preserved. With this solution of these complicated problems by the Court of Appeals, it is clear that there was no unconstitutional classification or discrimination as between residents and non-residents at the time of the death of the decedent here. Uniformity in taxation existed as to both classes.

The various grounds of unconstitutionality must, therefore, be overruled and the motion denied.

Submit order on notice accordingly.

---

* Laws of 1928, chap. 330, adding new art. 10-A to Tax Law—[REP.