In re Appeal of A. H. Blank.

No. 41369.

June 24, 1932.

H. C. Harper, A. O. Jepson, and Milchrist, Schmidt, Marshall & Jepson, for Board of Review of Sioux City, appellant.

Baron & Bolton, for A. H. Blank.

Kindig, J.—A. H. Blank owns Lot One (1), in Block Four (4), Sioux City East Addition. This property is vacant and unimproved except that a basement has been excavated thereon, and a portion of a wall built therein.

According to the amended abstract, in 1931 the assessor of Sioux City fixed the value of this vacant lot, for assessment purposes, at $32,000. The owner thereupon filed written objections with the local board of review, complaining that the valuation was too high and inequitable when compared with other property. Whereupon the board of review overruled the owner's protest, and the valuation of $32,000 fixed by the assessor was confirmed. Consequently the owner appealed to the district court from that action of the board of review. No appeal was taken on behalf of the public.

At the hearing in the district court, evidence was introduced by the owner and the board of review. After the trial, the dis-

trict court reduced the valuation from $32,000 to $30,000. Both parties then appealed to this court.

■ But one complaint is made by the board of review. It is that the district court erred in reducing the valuation from $32,000 to $30,000. In view of the fact that the public did not appeal from the action of the board of review to the district court, no other question can be involved. On the property own-✓ er's appeal, the valuation cannot be increased. Central Life Assurance Society v. City of Des Moines, 212 Iowa 1254.

■ Nevertheless, as already indicated, the public can com- ; plain on an appeal from the district court to this court because the court below decreased the valuation approved by the board of ; review. An appeal (based upon objections previously filed) having been taken from the board of review to the district court by the property owner, and then by him from the district court to this court, he, of course, can complain because the trial court did not further reduce the valuation. Sections 7133, 7134, and 7136 of the 1931 Code; Central Life Assurance Society v. City of Des Moines, supra. So, it is necessary to determine whether the valuation of the real estate fixed by the district court is supported by the record.

Section 7109 of the 1931 Code provides:

"All property subject to taxation shall be valued at its actual value which shall be entered opposite each item, and, except as otherwise provided, shall be assessed at twenty-five per cent of such actual value. Such assessed value shall be taken and considered as the taxable value of such property upon which the levy shall be made. In arriving at said actual value the assessor shall take into consideration its productive and earning capacity, if any, past, present, and prospective, its market value, if any, and all other matters that affect the actual value of the property; and *the burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate, or inequitable.*" (The italics are ours.)

Under the italicized portion of that statute, then, the burden of proof in the district court was, and in this court is, upon Blank, the property owner, to show that the valuation confirmed by the board of review was excessive or inequitable. First National Bank v. City of Estherville, 136 Iowa 203 (local

citation, 208); Sioux City Bridge Co. v. Board of Review, 192 Iowa 1224 (local citation, 1225); Hawkeye Portland Cement Co. v. Board of Review, 205 Iowa 161 (local citation, 162).

To meet that burden of proof, the property owner relies largely, if not entirely, upon the testimony of the witness William Gordon. The testimony of this witness, so far as material, however, is squarely in conflict with that given by the witness P. C. Cockerill. Mr. Gordon fixes no valuation on the lot in question, while Mr. Cockerill places its value at $40,000. Gordon, by a process of comparison, indicated that other lots in the same block and lots in the block directly across the street valued by the assessor for assessment purposes at $32,000 were actually worth more than the lot belonging to the owner in this controversy, which likewise is valued at $32,000 by the assessor for assessment purposes. From that comparison the property owner concludes that his lot is valued too high because the other property in the same block and the property across the street is, according to the aforesaid theory, more valuable than the lot in question.

By way of contradiction, however, Mr. Cockerill testified that the property across the street is no more valuable than the owner's lot. No valuation is placed upon any of the property by Mr. Gordon. He does, however, suggest the use of the "Fisher system." It seems that under this system a corner lot is arbitrarily considered as two, the inside lot as one, and the alley lot as one and one-half. A middle lot is involved in this assessment. Therefore the owner theorizes that because his middle lot under the Fisher system should be figured on the basis of one, the valuation of $32,000 fixed by the board of review is too high because the adjoining corner lot, calculated at two, was valued at only $40,000. $20,000, the owner contends, is the fair and reasonable value of his middle lot, under the Fisher system. During the cross-examination, however, Mr. Gordon admitted that the Fisher system is not infallible. Everything depends upon the improvements together with other facts and circumstances in and surrounding the particular property whereon the valuation is being made. In addition to the Fisher system, according to the record, it is necessary that the appraiser use his own judgment and take into consideration many facts and circumstances. These facts and circumstances, which, under the

testimony, should be taken into consideration, do not clearly or fully appear in this record. Hence, the Fisher system becomes quite unworkable. Moreover, the witness Cockerill testified that the middle lot owned by Mr. Blank is just as valuable as the corner or alley lot. According to the testimony of Mr. Gordon, a middle lot under certain circumstances might be at least as valuable as the corner or alley lot.

With this conflicting testimony and the confusion in the record, it is obvious that the owner, Blank, has not met the burden of proof imposed upon him by the statute and cases above cited. Consequently the district court should not have reduced the valuation from $32,000 to $30,000. Accordingly the value of the lot in question, for the purpose contemplated, is hereby fixed at $32,000, the sum determined by the local board of review.

Wherefore, the judgment and decree of the district court is affirmed on the property owner, Blank's, appeal, and modified and affirmed upon the appeal of the local board of review.— Affirmed on property owner's appeal; modified and affirmed on appeal of local board of review.

WAGNER, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.