JOHN S. TALBOTT, Appellant, v. CITY OF DES MOINES et al., Appellees.

No. 42690.

NOVEMBER 20, 1934.

C. B. Hextell, for appellant.

F. T. Van Liew, Chauncey A. Weaver, J. A. Ralls, C. I. McNutt, and D. W. Ash, for appellees.

KINDIG, J.—The appellant, John S. Talbott, owns 265 acres of land within the corporate limits of Des Moines. Dwight Lewis is the chairman of the board of review in the city of Des Moines, and John MacVicar, Francette Miller, Pete Welsh, and Roscoe P. Bane are members of the board of review. As such chairman and members of the board of review, the persons named are the appellees.

On February 24, 1933, the assessor of Des Moines fixed the actual value of the appellant's land, for assessment purposes, at $23,800. In due time, the appellant appeared before the local board of review and objected: First, that the actual value thus fixed was excessive; and, second, that in any event the assessment was inequitable. After consideration, the local board of review refused to change the assessment, and consequently the appellant appealed to the district court. That tribunal affirmed the action of the assessor and the local board of review. From that judgment of the district court, the appellant appealed to this court.

Three propositions are submitted for consideration on this appeal: First, it is said by the appellees that the district court did not have jurisdiction because under the statutes of Iowa, as they existed at the time, an appeal was not allowable from the local board of review to the district court; second, it is claimed by the appellees that the assessor properly fixed the actual value of the appellant's land at $23,800; and, third, it is asserted by the appellees that the assessment in no event is inequitable.

I. At the outset it is claimed by the appellees, as before indicated, that the district court did not have jurisdiction because there was no statute in Iowa allowing an appeal at the time the appellant attempted to appeal from the action of the local board of review to the district court.

Sections 7132 and 7133 of the 1927 Code provided for complaints to the local board of review, and for an appeal to the district court from an adverse action by such board. Some time during the month of April, 1929, the legislature enacted chapter 205, Acts of the Forty-third General Assembly. See Davidson Building Co. v. Mulock, 212 Iowa 730, 235 N. W. 45. Sections 28, 29, and 30 of said chapter 205, slightly amended sections 7132 and 7133 of the 1927 Code, in order to make them comply with the scheme of adjusting tax matters, as contemplated by said sections 28, 29, and 30 of the aforesaid chapter 205. Following the amendment, section 7132 remained practically the same except that the word "final"

was stricken therefrom; but section 7133 was changed by the amendatory act in this way: The word "board" was stricken therefrom, and the words "county board of review" were inserted in lieu thereof, in order to supplement and carry out the rest of the amendatory act and thereby fit section 7133 to the machinery relating to the adjustment of taxation, contemplated by sections 28, 29, and 30 of said amendatory chapter. These changes are fully explained and set forth in Davidson Building Co. v. Mulock, supra.

On February 10, 1931, this court declared that sections 28, 29, and 30 of said amendatory chapter 205 were void from their inception and of no effect. See Davidson Building Co. v. Mulock, supra. Of course, if sections 28, 29, and 30 of said amendatory chapter 205 were void from their inception and of no effect, the decision to that effect in Davidson Building Co. v. Mulock, supra, would carry down that part of the same amendment relating to sections 7132 and 7133 of the 1927 Code. Davidson Building Co. v. Mulock, supra. Consequently the words "county board of review" attempted by the amendatory act to be placed in section 7133 of the 1927 Code, in lieu of the word "board", would be removed when the amendatory act was declared void and of no effect by our decision in the case of Davidson Building Co. v. Mulock, supra. The question remains, then, whether, because the amendatory act was thus void and of no effect, the word "board" is to remain in section 7133 the same as it was in the original legislation.

If the act of this court in declaring the amendment void and of no effect amounted to a severance of the void amendments without harm to the original legislation contained in sections 7132 and 7133 of the 1927 Code, then the appeal in the case at bar is allowable and the district court had jurisdiction thereof. Otherwise the district court would have no jurisdiction, because sections 7132 and 7133 would be so emasculated by the attempted amendment that the remainder would not furnish a workable statute permitting an appeal. In Davidson Building Co. v. Mulock, supra, after declaring the amendatory act void and of no effect, we clearly indicated that nevertheless an appeal was there allowed under sections 7132 and 7133 of the 1927 Code. That conclusion could have been based only upon the proposition that the original sections 7132 and 7133 of the 1927 Code remained intact after the void and unenforceable amendment had been removed therefrom.

Subdivision 1 of section 63 of the 1931 Code provides:

"In the construction of the statutes, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the general assembly, or repugnant to the context of the statute: 1. The repeal of a statute does not revive a statute previously repealed, nor affect any right which has accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the statute repealed."

This provision of the legislature has no application, however, to the case at bar. Said section 63 of the Code has reference to repeals by the legislature. We do not have before us a case of legislative repeal. On the other hand, we are confronted with the situation where the legislature attempted to amend an existing statute but failed to accomplish such amendment because the attempted amendment was void for uncertainty and unworkability. Such voidness was from the inception of the attempted amendment. The words removed from sections 7132 and 7133, before mentioned, were taken out merely as a part of the void amendment. It clearly was not the intention of the legislature to take out those words even though the amendment was not valid. In fact, the legislature only attempted to remove such words from sections 7132 and 7133 as would have been inconsistent with the void amendment had the same stood as a valid act of the legislature. But, because the amendment was void, no inconsistency existed, and therefore the legislature clearly intended that if the void amendment could not stand, that the original statute attempted to be amended should stand unaffected by the void amendment.

If an act is repealed by an unconstitutional amendment, the former act remains in force when the unconstitutional amendment is declared void, providing this result gives effect to the legislature's intention. Childs v. Shower, 18 Iowa 261; Flannagan v. Jepson, 177 Iowa 393, 158 N. W. 641, L. R. A. 1918E, 548. See, also, Davidson Building Co. v. Mulock, supra. We said in the Flannagan case just cited:

"An unconstitutional amendment to a valid legislative act leaves the former act the same as though no attempt had been made to amend." (See syllabus.) See, also, Davidson Building Co. v. Mulock, supra.

To the same effect see: Nash v. Lynch, 226 App. Div. 421, 235 N. Y. S. 517; Board of Education v. Hunter, 48 Utah 373, 159 P.

1019; McClellan v. Stein, Judge, 229 Mich. 203, 201 N. W. 209; Smith v. Chickasaw County, 156 Miss. 171, 125 So. 96, 705; Rippinger v. Niederst, 317 Ill. 264, 148 N. E. 7; People v. Schaeffer, 310 Ill. 574, 142 N. E. 248; Geyer v. Buck (Sup.) 175 N. Y. S. 613; State et al. v. Mundy et al., 53 N. D. 249, 205 N. W. 684; Polk v. Booker et al., 112 Ark. 101, 165 S. W. 262; Jones v. State, 151 Ga. 502, 107 S. E. 765; Bissett v. Pioneer Irrigation District, 21 Idaho 98, 120 P. 461; Burnam v. Commonwealth, 228 Ky. 410, 15 S. W. (2d) 256; Ward v. Commonwealth, 228 Ky. 468, 15 S. W. (2d) 276; Guire v. Board of Commissioners, 178 N. C. 39, 100 S. E. 141; Woco Pep Co. of Montgomery County v. City of Montgomery, 213 Ala. 452, 105 So. 214; Venn v. State, 85 Tex. Cr. R. 151, 210 S. W. 534; Chicago, R. I. & P. Ry. Co. v. McClanahan, 151 Ark. 77, 235 S. W. 380; Mills v. Dawson, 197 Ky. 518, 247 S. W. 764. Likewise, the text in 59 Corpus Juris, section 552, reading on page 940, provides in part:

" * * * So where an act expressly repealing another act and providing a substitute therefor is found to be invalid, the repealing clause must also be held to be invalid, unless it shall appear that the legislature would have passed the repealing clause even if it had not provided a substitute for the act repealed."

The rule which guides the court in cases of this kind is one employed for the purpose of discovering the legislative intention. See Corpus Juris and cases above cited. In the case at bar, the legislature did not attempt to repeal sections 7132 and 7133 of the 1927 Code, but only attempted to remove a word from each in order to make the sections harmonize with the acts declared by this court to be void and of no effect. There was no thought on the part of the legislature that sections 7132 and 7133 were to be repealed as a whole, independent of the attempted amendment. It is apparent that the legislature intended sections 7132 and 7133 to remain as formerly enacted if the attempted amendment was void and of no effect. Davidson Building Co. v. Mulock, supra. On principle, there can be no distinction between a case like the one at bar, where the act was declared void and of no effect because of indefiniteness and unworkability, and a case where the subsequent act is declared void because it is unconstitutional. See Davidson Building Co. v. Mulock, supra, and other cases above cited.

Therefore, it is apparent that the appellant in the case at bar properly appealed from the local board of review to the district court.

II. The appellant's land constitutes a farm located in the southeast part of Des Moines, a little northeast of the Des Moines river, and abutting upon Four Mile creek. There is one set of buildings on the land, and it has all the characteristics of, and in fact is, an ordinary farm. Much, if not all, of the land is low and flat. Frequently Four Mile creek overflows, and, upon such occasions, it inundates much of the land.

At one time it was thought that the land might be fitted for the establishment of a packing house. It is said that F. M. Hubbell, Son & Co. purchased the land several years ago with the purpose in view of establishing a packing house or reselling the property for the purposes of a packing house. During the time that Hubbell, Son & Co. owned the property, it seems that the actual value for assessment purposes was placed at $23,800. Later, however, whatever prospect there may have been for the establishment of a packing house on the land vanished, and it was found that the land was suitable for nothing but agriculture. Apparently the land is too low for platting, and therefore cannot be used as an ordinary platted addition. Some time in the latter part of 1932, or the first part of 1933, Hubbell, Son & Co. sold the land to appellant for $13,500 cash. This sale was bona fide. The sale was not forced, but one made upon the open market.

Because the land is within the city limits, it perhaps, generally speaking, will be subject to a higher tax than if it were outside of the city limits, unless it were located beyond the city limits in a consolidated school district or a drainage district. There is testimony in the record to the effect that $50 an acre is a "fair price" for the land. Other evidence indicates that the land may be worth more than that. However, after carefully considering the record, we are constrained to hold that the actual value of the land at the time in question was $13,500. Consequently, the assessor placed the value of the land $10,300 above its actual value.

Section 7109 of the 1931 Code provides that:

"All property subject to taxation shall be valued at its actual value which shall be entered opposite each item, and, except as otherwise provided, shall be assessed at twenty-five per cent of such actual value." Furthermore, such assessed value, according to this

section of the Code, "shall be taken and considered as the taxable value of such property upon which the levy shall be made." A method is provided in the Code for arriving at such *actual* value. According to section 7109, just mentioned, "in arriving at said actual value the assessor shall take into consideration its productive and earning capacity, if any, past, present, and prospective, its market value, if any, and all other matters that affect the actual value of the property. * * * "

These matters have been taken into consideration by us in fixing the actual value of the appellant's property, in the case at bar, at the amount above named. Of course, the burden of proof is upon the appellant to show that the assessor placed the value of the former's property at an amount above the actual value thereof. Section 7109, 1931 Code; Hawkeye Portland Cement Co. v. Board of Review of Madison Township, 205 Iowa 161, 217 N. W. 837; In re Appeal of Blank, 214 Iowa 863, 243 N. W. 173; Board of Trustees of Highland Township v. County Board of Review of Washington County, 215 Iowa 876, 244 N. W. 855. This burden, as before indicated, has been carried by the appellant in the case at bar.

III. Also it is argued by the appellant that he should not be assessed on a greater valuation than 60 per cent of the $13,500, which is the actual value of the property. The appellant makes that contention because he says that the assessor assessed other similar properties in the same assessment district on the basis of 60 per cent of their actual values.

In Hawkeye Portland Cement Co. v. Board of Review of Madison Township, supra, on page 165, we said:

"The one paramount object which the law seeks to insure in distributing the burdens of taxation is equality, and this is the chief end to be gained by insisting that all property shall be assessed at its actual value."

See, also, Board of Trustees of Highland Township v. County Board of Review of Washington County, supra. Although $13,500 is the actual value of the appellant's property in the case at bar, yet he may not be assessed upon that valuation in view of the fact that other similar properties in the same assessment district are assessed at only 60 per cent of their actual values. Iowa Central Ry. Co. v. Board of Review, 176 Iowa 131, 157 N. W. 731; Chap-

man Brothers v. Board of Review of Des Moines, 209 Iowa 304, 228 N. W. 28. It was said in Iowa Central Railway Co. v. Board of Review of Eliot Township, supra, reading on page 134:

" * * * Although the property of a taxpayer is assessed at less than its true value, nevertheless, if it is assessed higher proportionately than other property, he has a just cause of complaint."

So, too, we said in Chapman Brothers v. Board of Review of Des Moines, supra, reading on page 309:

"Manifestly the property in question was assessed for more in proportion to its value than other similar properties in the same assessment district."

Accordingly, the district court permitted the property, in the Chapman Brothers case, to be assessed at a sum less than the actual value, in harmony with the amount fixed for the assessment of other similar properties.

But in the case at bar the appellant asked only that his property be assessed at a valuation of $10,000. Consequently that is the only relief to which he is entitled.

Wherefore, the judgment of the district court is modified in so far as it is out of harmony with the principles announced in this opinion, and the valuation of the appellant's property for assessment purposes for the year in question is hereby fixed at $10,000. As thus modified, the judgment and decree of the district court is affirmed.—Modified and affirmed.

MITCHELL, C. J., and EVANS, ALBERT, ANDERSON, KINTZINGER, and DONEGAN, JJ., concur.