LINCOLN JOINT STOCK LAND BANK, Appellee, v. BOARD OF REVIEW OF SIOUX CITY, Appellant.

No. 45027.

FEBRUARY 13, 1940.

Robert P. Munger, for appellee.

V. O. DeWitt and Ralph W. Crary, for appellant.

MITCHELL, J.—In January 1937, the city assessor of Sioux City, in accordance with the requirements of law, assessed the real estate involved in this action, which is a farm known as the "Judge Kennedy Farm", and fixed the value thereof at $34,402, of which the sum of $10,000 represented the value of the buildings.

In conformity with statutory law, the Lincoln Joint Stock Land Bank, the owner of the property appealed to the board of review of the city of Sioux City, contending in substance that the real estate had been assessed in excess of its actual value. The board of review denied the relief prayed for and the property owner perfected an appeal to the district court. There was a hearing at which evidence was offered, and the lower court placed a value of $10,000 upon the buildings and improvements, and reduced the assessed value of the land from $24,402 to $5,572.65; in other words, reduced the value of the land per acre from $65.58 to $15. The city of Sioux City has appealed.

The statutory provisions relative to the assessment involved in this case are contained in section 7109 of the 1935 Code of Iowa which provides as follows:

"All property subject to taxation shall be assessed at its actual value, which shall be entered opposite each item. The terms 'actual value,' 'assessed value' and 'taxable value' shall hereafter be construed as referring to 'actual value'.

"The tax rate shall be applied to the actual value, except as otherwise provided.

"In arriving at said actual value the assessor shall take into consideration its productive and earning capacity, if any, past, present, and prospective, its market value, if any, and all other matters that affect the actual value of the property;

and the burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate or inequitable."

It will be noted that the last clause of the cited statute is "the burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate or inequitable."

In the case of Hawkeye Portland Cement Co. v. Board of Review, 205 Iowa 161, 165, 217 N. W. 837, 840, this court discusses section 7109 of the Code, speaking through Justice Wagner:

" 'In arriving at said actual value the assessor shall take into consideration its productive and earning capacity, if any, past, present, and prospective, its market value, if any, and all other matters that affect the actual value of the property.' Section 7109, Code of 1924.

"It thus becomes apparent that the legislature had in mind that there might be property subject to taxation which would have no market value. Under the present statute, the assessor is to take into consideration the market value, if any, of the property. True, he is to take into consideration the productive and earning capacity, if any, past, present, and prospective; but these are all elements which go to make up market value, as well as actual value. If the property has a market value, then, as it occurs to us, there can ordinarily be no distinction between market value and actual value. In Hetland v. Bilstad, 140 Iowa 411 [118 N. W. 422], upon the question of value we said:

" 'By "value," in common parlance, is meant "market value," which is no other than the fair value of property as between one who wants to purchase and another who desires to sell. In Jonas v. Noel, 98 Tenn. 440 (39 S. W. 724, 36 L. R.A. 862), it is said that "so difficult a matter, however, is it to separate the ideas of 'value' and 'market value,' that it will be found text-writers and courts have frequently used these terms as interchangeable, and both as being the equivalent of 'actual value.' " * * * ' "

With these rules of law in mind, let us look at the record that confronts us. The parties have agreed upon the value of the buildings and the improvements, fixing the amount at

$10,000. The only question before us, is the value of the real estate.

The farm consists of 371.51 acres situated entirely within the corporate limits of Sioux City. It is the largest single tract. The major portion of the farm is very rough with regular "hogback" and bluffs. The top soil is washed off down to the clay. The fertility of the hills is gone and the only place anything can be raised is in the small valleys where the silt has been washed down. One hundred and twenty acres have been infested with an obnoxious weed, commonly known as "Creeping Jenny". Why it is called "Creeping Jenny" is not shown in the record, but it does clearly set out that "Creeping Jenny" is an obnoxious weed that makes it impossible to raise even grass crops upon the land until the weed has been eradicated. In 1922 the farm was practically all in bluegrass and alfalfa and was being operated successfully as a dairy farm, then someone had the smart idea of plowing up the farm and putting it in crops. First the rains washed off the soil on the hills, then the sun and the dry weather destroyed the crops in the valleys. Since 1935 when appellee acquired the real estate, it has tried to rehabilitate 30 to 50 acres yearly by planting alfalfa, but the dry weather, combined with the "Creeping Jenny", has made it impossible to make any headway in restoring the farm. The income of the farm for 1937 was $3 per acre or about $1,114 for the whole tract. The taxes for the same year were $1,206.82. In other words, the taxes exceeded the income, and this was true of the two prior years that appellees owned the farm.

The evidence consists of the testimony of three witnesses on the part of the appellees. They all qualified as witnesses capable of expressing an opinion as to the actual value. They took into consideration in arriving at their opinion as to the value the elements set out in code section 7109. The production and earning capacity of the land, past, present and prospective, its location and the value of adjoining lands, and then fixed a value for the land at between $10 and $15 per acre.

The appellant offered only the testimony of the assessor. He testified that he valued it on the same basis as adjoining lands. That he took into consideration the earnings, both past, present and future; the possibility of the land improving in

actual value in future years because of the growth of the city; that he took into consideration the rentals and fixed what in his opinion was the actual value. He overlooked such items as the productivity of the soil, and that 120 acres were covered with ''Creeping Jenny''. He admitted that there was no farm land in the district similar to the farm involved in this case and that he did not know the actual value of the land.

Thus we are confronted with a case, in which it is admitted that the land is taxed at more than its actual value. The legislature said that land was not to be taxed in excess of its actual value. The appellant claims because the same system was used in arriving at the value as was used in arriving at the value of other farm land in the district, the value placed by the assessor should not be disturbed. The answer to this is that the record clearly shows there was no other land in the district similar to this farm.

The appellant relies on the recent opinion of this court in the case of Butler v. City of Des Moines, 219 Iowa 956, 961, 258 N. W. 755, 758, opinion by Justice Powers:

''It is the judgment of the assessor which the statute requires in making these assessments. So long as his action is not arbitrary or capricious or so wholly out of line with the actual values as to give rise to the inference that for some reason he has not properly discharged his duty, the assessment made by him, and confirmed by the local board of review, should not be disturbed by the court.''

We have no fault to find with the cited case, but the facts in this case are entirely different from the facts in the case at bar.

We recognize the impossibility of absolute correctness in determining the actual value of this or any other property. Our problem in the case at bar is made even more difficult by the fact that the property stands by itself and cannot be fairly compared with any other tract or property within the city limits of Sioux City.

The value placed by the assessor is over four times what the other witnesses testify is its actual value. But let it be said to the credit of the assessor, that he frankly states he does not know the actual value. Taking into consideration the earnings and the elements of value set out in code section 7109, as

shown by this record, we believe that the actual value of the land involved is $30 per acre, and this case is reversed with instruction to enter a decree in conformity herewith.—Reversed and remanded.

HAMILTON, C. J., and RICHARDS, HALE, MILLER, and BLISS, JJ., concur.