HAROLD E. HANSON, Appellee, v. LOCAL BOARD OF REVIEW OF MAGNOLIA TOWNSHIP et al., Appellants.

No. 45918.

JUNE 16, 1942.

REHEARING DENIED OCTOBER 2, 1942.

Carl V. Burbridge and Roy E. Havens, both of Logan, for appellants.

Fred E. Egan, of Missouri Valley, for appellee.

GARFIELD, J.—At the beginning of 1941, appellee Hanson owned a farm of approximately 180 acres in sections 28 and 29 in Magnolia township, Harrison county. The assessed valuations per acre placed thereon by the assessor for that year are as follows: Tract 1, SW NW 28, $38; Tract 2, NW NW 28, $36; Tract 3, SE NW 28, $32; Tract 4, Lot 1, NE NE 29, $30; Tract 5, SE NE 29, $26.

Appellee appeared before the Township Board of Review and orally objected to such valuations "for the reason that the said real estate was not assessed according to the laws of the State of Iowa, and * * * was not assessed * * * in proportion to other * * * similar .* * * real estate and other real estate situated in Magnolia Township." The Board of Review overruled the objections and plaintiff appealed to the district court. Following the trial upon appeal the district court reduced the assessed values per acre upon the different tracts to these amounts: Tract 1, $30; tract 2, $25; tract 3, $22.36; tract 4, $23.81; tract 5, $20. From this decision the Board of Review has appealed to this court.

Appellee Hanson is a practicing attorney. His father, mother, and he own considerable real estate in Harrison county. Appellee purchased the farm in question from the Aetna Life Insurance Company and took possession March 1, 1940. The purchase price was $3,100, or a little over $17 per acre. The life insurance company had obtained the farm in 1932 through foreclosure. The sheriff's deed recited a consideration of about $9,000. Appellee testified that land values at the time of trial, as compared with 1932, were from a third to a half lower. At the conclusion of the trial and at the request of the litigants, the trial judge, in company with the attorneys, looked at the land in question and other tracts referred to in evidence.

In its findings and decree, the trial court described appellee's farm as rough and hilly, with ditches and gullies therein, badly eroded, and with a number of irregular patches of timber and brush; the fields are irregular in shape and size, rendering cultivation difficult, and the farm is split up in a number of parcels. In 1941, 44 acres were in corn, 29 in alfalfa, 6 in popcorn, 23 in soybeans, and 12 acres in sweet clover, a total of

114 acres. The inference is that the remainder of the farm, approximately 66 acres, was rougher land, not suited even for hay. Appellee estimated the corn would yield about 40 bushels per acre.

At the trial, appellee offered his own testimony and that of Landee and Berry, real-estate brokers. After describing his land, appellee placed the following values per acre upon the different tracts: Tracts 1 and 2, $22.50 to $25; tract 3, $30 to $35; tract 4, $25; tract 5, $20. Landee and Berry valued the farm at the higher figures given by appellee. The higher values so given by appellee, as well as the values of his witnesses, total $4,610. This, as we understand it, is exclusive of the buildings, the assessed value of which was $600. Appellee makes no complaint of such valuation of the buildings. We may thus conclude from testimony on appellee's behalf that the value of the land and buildings is at least $5,210, which is over $2,100 more than appellee paid for the farm. The total assessed value of the land, fixed by the assessor, exclusive of buildings, is $5,742.

Appellee did not show that the assessments against his land were discriminatory or inequitable when compared with those of other similar lands in the same taxing district. On cross-examination appellee named other tracts similar to his own. Among them were three farms adjoining his own and two others within a half mile. All of these tracts which appellee admitted are similar to his land were assessed substantially the same as, and in some instances even somewhat higher than, his own land.

Appellants' only witness was the assessor, a farmer who had held the office for 11 years. He testified he had been on almost every farm in the township several times. He gave the actual value of tract No. 1 of appellee's land, assessed at $38 per acre, as $60 to $65 per acre, and the value of the portion of that tract subject to cultivation at $85 to $90 per acre. The assessor did not undertake to testify to the value of the other four tracts of appellee's farm. He testified to the similarity of appellee's land and several neighboring tracts in the same township which were assessed at substantially the same, and in some instances a little higher, values.

The trial court found that "the assessed values * * * [of

appellee's land] are in excess of the values properly placed [thereon] * * * when compared with the value of other parcels in said taxing district similarly situated, are discriminatory, and are excessive and unequitable, and * * * constitute an unfair burden upon the property of the plaintiff."

The evidence not only fails to support the finding that the assessed values of appellee's land are discriminatory and inequitable when compared with values of other similar lands in the township, but it affirmatively appears that appellee's land is not assessed substantially higher than such other similar lands.

 Section 7109, Code, 1939, as amended by chapter 249, section 14, Acts of the Forty-ninth General Assembly, provides:

"Except as otherwise expressly provided, all property subject to taxation shall be assessed at sixty (60) per cent of its actual value; and such assessed value shall be entered opposite each item, and shall be the taxable value of such property, and the value at which it shall be listed, and to which the tax rate shall be applied.

"In arriving at said actual value the assessor shall take into consideration its productive and earning capacity, if any, past, present, and prospective, its market value, if any, and all other matters that affect the actual value of the property; and the burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate, or inequitable."

We have said repeatedly that there is a strong presumption in favor of valuations of the assessor. Call v. Board of Review, 227 Iowa 1116, 1119, 1120, 290 N. W. 109, and citations. We think, however, appellee sufficiently met the burden and overcame the presumption, to the extent of showing that his property, except tract No. 3, was assessed at more than 60 per cent of its actual value, even though his assessment was not discriminatory when compared with other similar property in the township. In view of the price recently paid by appellee for the land and the superior opportunity of the trial court to arrive at the values, we are not justified in holding upon the entire record that the assessed values fixed by the

trial court (with the exception of tract No. 3 hereafter mentioned) are less than 60 per cent of the actual values. The total *assessed* values fixed by the assessor exceed by $1,132 the total *actual* values fixed by the testimony for appellee, and are more than 120 per cent of such actual values.

The question with which we are confronted is substantially this: Should the court interfere with assessed values, fixed by the assessor and confirmed by the local board of review, merely because they are excessive, when it appears that they are not discriminatory or inequitable as compared with the assessed values of similar property in the same taxing district? We answer in the affirmative.

Prior to the enactment of chapter 249, Acts of the Forty-ninth General Assembly, Code section 7109 provided that property should be assessed at its actual value, rather than, as now, at 60 per cent thereof. It is common knowledge, however, that assessed valuations in the past have usually been less than actual values. At least, that has been true in most of the cases that have come to this court. We have found but two Iowa decisions where the assessed valuations exceeded actual values. Some of our cases seem to assume, however, that a property owner would be entitled to relief if the assessed value exceeded actual value, regardless of the question of discrimination or inequality. See, for example, First Nat. Bk. v. City Council, 136 Iowa 203, 208, 112 N. W. 829. In most instances where the courts have granted relief to the property owner, the assessment was discriminatory and unfair when compared to the assessment of similar property in the taxing district. The paramount object which the law seeks in distributing the burdens of taxation is equality. Hawkeye Portland Cem. Co. v. Board of Review, 205 Iowa 161, 165, 217 N. W. 837, and citations; Butler v. City of Des Moines, 219 Iowa 956, 961, 258 N. W. 755.

In two recent cases this court has held that a property owner is entitled to relief against an assessment based upon a valuation higher than that permitted by statute. In Talbott v. City of Des Moines, 218 Iowa 1397, 257 N. W. 393, the property owner's principal complaint was that the assessment was upon a valuation which exceeded the actual value of the property. While it was also claimed "that the assessment was other-

wise inequitable," relief was apparently granted principally, if not wholly, because the assessor fixed the assessed value above the actual value. This court there fixed the actual value at the amount for which the property had recently been purchased.

The Talbott decision is referred to in the recent case of Crary v. Board of Review, 226 Iowa 1197, 1202, 286 N. W. 428, 430, as follows:

"Talbott v. City of Des Moines, 218 Iowa 1397, 257 N. W. 393, and authorities therein cited are not applicable to the factual situation in this case. In the Talbott case the assessed value was greater than the actual value and the real estate in question was not given the discounts allowed other property. * * * In this case the assessed value was conceded to be less than the actual value."

Lincoln JSL Bk. v. Board, 227 Iowa 1136, 1140, 290 N. W. 94, 96, involved the assessment against a farm of 371 acres within the corporate limits of Sioux City. Apparently, the only contention of the property owner before the local board of review was that "the real estate had been assessed in excess of its actual value." The board of review denied relief. Upon appeal to the district court, and in this court, the assessed valuation was found to be in excess of the actual value and for that reason was reduced accordingly. We quote from the opinion:

"Thus we are confronted with a case, in which it is admitted that the land is taxed at more than its actual value. The legislature said that land was not to be taxed in excess of its actual value."

The Lincoln JSL Bk. case is to be distinguished from the case at bar in that there was no other land in that taxing district similar to that property owner's farm. But this distinction does not exist in Talbott v. City of Des Moines, supra. It is to be observed that the statute (section 7109) provides "the burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate, or inequitable." (Italics ours.) The use of the disjunctive by the legislature implies that the property owner is entitled to relief upon proof

of an excessive valuation without proof of inequitable valuation in comparison with that of other properties.

It is therefore our holding that where it clearly appears the assessed valuations fixed by the assessor are in excess of 60 per cent of the actual values, the property owner is entitled to relief upon appeal.

The decree of the trial court fixes the assessed value of tract No. 3, containing 38 acres, at $850, or about $22.36 per acre. The assessed value per acre of tract No. 1 was fixed by the decree at $30, and of tract No. 2 at $25. We cannot understand the value fixed by the decree upon tract No. 3. According to appellee's own testimony and that of his witness Berry, tract No. 3 is the most valuable tract in the farm. Appellee gave the actual value thereof at $30 to $35 per acre, and his witness Berry at $35 per acre. The highest actual value which appellee or either of his other witnesses placed upon any of the other four tracts is $25 per acre.

Appellee testified that tract No. 3, "with the exception of a ditch through it and about an acre or an acre and a half in the southwest corner is all cultivated land." In view of the position taken by appellee in his testimony as to the relative values of the various tracts, we are inclined to hold there is insufficient basis for the court's decree as to this tract and that the assessed valuation thereof should have been left at $32 per acre. The decree is so modified and with this modification is affirmed. One fourth the costs in this court are taxed to appellee, three fourths to appellant.—Modified and affirmed.

All JUSTICES concur.