Desmond, Ch. J.
(dissenting). The question is not whether the Comptroller erred in calling appellant a 1 ‘ financial business ” for taxing purposes. The sole question for decision is whether appellant owes, to New York City, “ General Business and Financial Taxes ” in at least the amount assessed against it by the Comptroller (Lewis v. Reynolds, 284 U. S. 281, 283). The character and extent of appellant’s New York City activities are fully described in the record before us. That record makes it completely clear that the taxes as assessed are valid and owed.
The “ General Business and Financial Tax” authorized by the State (General City Law, § 24-a) and imposed by the city (Administrative Code of City of New York, ch. 46) is one tax, not two. The only difference between the taxation of “financial ’ ’ businesses and the taxation of other covered activities is that the city may levy against the former a tax up to two-fifths of 1% of gross income while the tax against the latter may not exceed one fifth of 1% of gross receipts. In other words, there are two separate maxima as to two kinds of businesses, not two kinds of tax. If the Comptroller, describing appellant as a financial business, had sent it tax bills computed at the rate of two fifths of 1% on its whole receipts, he would have acted illegally since the State law did not permit inclusion of holding companies like appellant in the list of “ financial businesses ”. But the Comptroller was, by State enabling law and city local law, empowered to tax any locally conducted business, whether “financial” or other kind, up to one fifth of 1% on its gross takings. The taxes here contested by appellant were figured at a rate much lower than that — two fifths of 1% of 12%%, that is, one twentieth of 1% on appellant’s gross receipts. Since that was well below the authorized tax on “ general busi *462 nesses ” and since appellant, if not a “financial business ”, is certainly a taxable New York City business of some kind (Matter of Steinbeck v. Gerosa, 4 N Y 2d 302, 308, 309), the tax levied was valid and there is nothing to litigate (see Matter of Nash v. Lynch, 226 App. Div. 421, 423, affd. 253 N. Y. 564; Matter of National Gash Register Co. v. Joseph, 299 N. Y. 200, 203). There is in this record an express stipulation that, if the Comptroller had elected to treat this as a general business, the tax could on the undisputed facts have been four times as high as the actual levy here being litigated.
Appellant’s transactions were all carried on in New York City so there is no problem of allocation as between intrastate and interstate commerce. The Comptroller’s power to use, as to local New York City businesses, allocation formulae producing less than the maximum allowable tax has been upheld by this court (Olive Coat Co. v. City of New York, 283 N. Y. 733; Berkshire Fine Spinning Associates v. City of New York, 5 N Y 2d 347, 358, 359, appeal dismissed 361 U. S. 3; see Matter of New Yorker Mag. v. Gerosa, 3 N Y 2d 362, 369, appeal dismissed 356 U. S. 339).
We have often reminded ourselves that it is our duty “to ascertain and declare the whole law upon the undisputed facts ” spread before us (Oneida Bank v. Ontario Bank, 21 N. Y. 490, 504; Rentways v. O’Neill Milk & Cream Co., 308 N. Y. 342, 349; People v. Duell, 1 N Y 2d 132, 134; Cahill v. Regan, 5 N Y 2d 292, 298). We should perform that duty here.
The order should be affirmed, with costs.
Judges Fuld, Froessel, Van Voorhis and Foster concur with Judge Dye; Chief Judge Desmond dissents in an opinion in which Judge Burke concurs.
Order reversed, etc.