Des Moines Building-Loan & Savings Association, Appellant,
v. F. A. Bomer, Chairman of Board of Review of
City of Des Moines, et al., Appellees.

No. 47402.

(Reported in 36 N. W. 2d 366)

March 8, 1949.

Rehearing Denied September 23, 1949.

Tesdell & Tesdell, of Des Moines, for appellant.

F. T. Van Liew, Frank B. Hallagan, and Herrick, Sloan & Langdon, all of Des Moines, for appellees.

WENNERSTRUM, J.—Plaintiff has appealed to this court from a decree of the Polk County District Court, which had refused on an appeal from the decision of the Board of ·Review of the City of Des Moines, to reduce the assessor's valuation of plaintiff's building and the quarter block of land on which it had been erected.

The Des Moines Building-Loan & Savings Association purchased the property in question late in December 1944 for $260,000 plus the payment of the 1944 taxes of $16,439 payable in 1945 making a total purchase price of $276,439 and took possession of it on January 1, 1945. The 100% valuation in question was made as of the same date and was in the amount of $394,260. The 60% assessed valuation was placed at $236,555. Appellant asserts that the actual value should not be placed higher than $275,000 and that the 60% assessment valuation should be $165,000.

This building was erected in 1912 and is located on the southeast quarter block at Sixth Avenue and Mulberry Street in the City of Des Moines. It has twelve stories and is of steel and concrete construction. It is not entirely fireproof in that it has hardwood floors in the offices and there are no fire doors on the several floor levels of the stairway. The corridors are of a tile, concrete and terraza character and have marble wainscoting. The elevators are not of a modern character although the interior of the elevator cages is of a comparatively modern design and construction. It is claimed that new elevators are needed which with other necessary equipment would cost approximately $250,000. The evidence further discloses that the wiring and electrical system in the building is inadequate and should be replaced. The north half of the first floor of the building was originally used by a banking institution. Prior to the time of the purchase of the building by appellant this room was used by the Insurance Department of the State of Iowa for its offices. It has continued in these quarters since the sale although the appellant-association now uses a portion of this room. There is testimony to the effect that the association contemplates

making use of this entire space in connection with its business which has increased materially during the past few years. It has been prevented, however, from doing so by reason of the fact that the Insurance Department has continued to use the greater portion of this room by reason of the delay in the construction of a State office building wherein it is contemplated that this department will later be quartered. It is contended that this banking room is not suitable to the needs of the appellant-association and that there is a necessity for an expensive remodeling program when it attains complete possession.

The property had previously been owned by the Bankers Life Company of Des Moines who had obtained possession of it by foreclosure approximately two and one-half years prior to the date of appellant's purchase. The mortgage which the insurance company foreclosed had been given as security for a loan in the original amount of $475,000 as of June 16, 1924. By reason of the foreclosure the insurance company on May 9, 1941 bid in the building at foreclosure sale at $430,000.

It is the contention of the appellant that the value of its building is materially lessened by reason of its location, the character of the surrounding structures and the type of businesses in them. It is shown that the property is a block away from Walnut Street, one of the main retail streets of Des Moines, and it is claimed the ground floor space is not suitable for retail purposes. The rentals received from the ground floor spaces are materially less than those received for similar property on Walnut Street. It is maintained that the type of businesses that are located to the east, south and west of the building are indicative of the economic deterioration of its location and the surrounding buildings. Mortgages on a number of the properties near or adjacent to the appellant's building have been foreclosed. The building in question is within one block of the Union Station in Des Moines, and Sixth Avenue, by reason of the railroad tracks serving the station, is not a through street to the south. The appellant contends that by reason of the conditions heretofore related the property has suffered from economic and functional obsolescence. To the south of the entrance lobby there is a restaurant and in the corner room a bus depot is located, both of which it is claimed do not add to

the economic value of the building. It is also asserted that the property in its entirety has been permitted to run down and that necessary and expensive improvements will have to be made to restore the building to a satisfactory condition.

The record discloses that prior to the sale to the appellant the Bankers Life Company had received from another party an offer of $250,000 which was not accepted. The appellant-association later made an offer of $250,000 in cash which was not accepted but upon the offer by it to pay an additional amount of $10,000 for certain fixtures and equipment and the payment of the 1944 taxes due in 1945 this last offer was accepted. It was also shown that the association was limited under the law to the amount of money which it might invest in a building for its business offices and that the total amount expended in the purchase of this building by the appellant was approximately the total amount which it could expend for this purpose out of its assets. There is nothing in the evidence to indicate that the sale made to the appellant was not a legitimate one, with the Bankers Life Company a willing seller and the purchaser a willing buyer.

The assessing officials and several other witnesses testified that even though the property is not located within the main retail area this particular building is located on Sixth Avenue on which are located several of the main office buildings of the city, namely, the Fleming Building, Iowa Des Moines National Bank & Trust Company Building, Empire Building, K. P. or Butler Building, Equitable Building, Bankers Trust Building, Des Moines Building, Liberty Building, and Iowa Building. It is also shown that the appellant's building is located diagonally across from the Polk County Courthouse.

Witnesses for the appellees place valuations upon this building and grounds from a high of $495,558 to a low of $404,725. These witnesses in reaching their respective valuations took into consideration, as shown by their testimony, the value of the ground, the replacement cost of the building less depreciation and the rental income for several years. We shall not set out a summarization of the testimony of these several witnesses. On the theories incorporated in their testimony there is a substantial basis for the conclusion as to valuations reached

by .them. The appellant, however, contends that as to these several witnesses they have not given consideration to the proper factors in reaching their conclusion. In support of its contention as to the market value of the property in question the appellant called as a witness a Des Moines realtor who testified that as of January 1, 1945 the market value of the building and ground in question was $275,000. This witness did not, however, give an opinion as to the actual value of this property. He testified that it was worth more on January 1, 1945 than it was in 1937. However, as shown by a prior appraisal offered in evidence, this witness had appraised this building and grounds as of January 1, 1937 at a valuation of $467,000.

The appellant maintains in part as grounds for a reversal that it is the assessor's duty to value real estate for assessment purposes at its actual value; that actual value means market value or fair sale value; that various theoretical and mathematical formulae used in appraisals are not reliable or sufficient alone to arrive at a value for taxation purposes in the light of an actual bona fide sale price; that only where there is no market value should the assessor consider the past, present and prospective earning capacity or use other theoretical methods in estimating value; that not only was the assessment in excess of the actual value but it was also inequitable in relation to assessments of other office buildings and lands and therefore should be reduced; that the real estate in question was sold to appellant as of January 1, 1945 in a bona fide sale for $276,439 and that this sale is the best and only reliable proof of its actual value.

The particular ground upon which appellant seeks a reversal and upon which it devotes the greater portion of its argument is that the sale of the building in question at or about the time of the assessment definitely establishes the actual value of . the property upon which value the assessment should be made.

I. The statutory provision relative to the valuation of real estate for tax purposes is found in section 441.4, 1946 Code, the necessary provisions pertinent to this appeal being as hereinafter set forth:

"Except as otherwise expressly provided, all property subject to taxation shall be assessed at sixty percent of its actual value; * * *

"In arriving at said actual value the assessor shall take into consideration its productive and earning capacity, if any, past, present, and prospective, its market value, if any, and all other matters that affect the actual value of the property; and the burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate, or inequitable."

There are various factors which the assessor should take into consideration as provided in the section heretofore quoted. However, it is the appellant's claim that the actual value is established by the market value as evidenced by the sale. The question that necessarily must be decided by us in this case is whether the market value and the actual value are synonymous. On this question we said in Hawkeye Portland Cement Co. v. Board of Review, 205 Iowa 161, 166, 217 N. W. 837, 840:

"Under the present statute, the assessor is to take into consideration the market value, if any, of the property. True, he is to take into consideration the productive and earning capacity, if any, past, present, and prospective; but these are all elements which go to make up market value, as well as actual value. If the property has a market value, then, as it occurs to us, there can ordinarily be no distinction between market value and actual value. * * *

"Thus it is quite clear that, if property has a market value, said market value and the actual value are usually the exact equivalent of each other."

See also Yeomen Mut. L. Ins. Co. v. State Board of Assessment and Review, 229 Iowa 320, 326, 294 N. W. 330.

Despite the fact that market value is, under the statute, one of the factors to be considered in determining actual value, yet we do not feel that this is the sole and controlling factor to be considered. What we said in the Hawkeye Portland Cement Company case must be read in the light of our more recent opinion in the case of In re Appeal of Bankers Life Co. v. Zirbel, 239 Iowa 275, 282, 31 N. W. 2d 368, 372. We there

discussed market and actual value and said that they are not "one and the same" and that market value is not the sole test. We further therein stated: "It is actual, not market value, that is to be ascertained. That is the object of the inquiry. Whether actual corresponds with market value is quite immaterial."

As heretofore stated, it is our conclusion that as applied to this case and generally in the matter of all valuations for tax purposes the taxing authorities are not alone restricted to a consideration of the sale price despite the fact that the property may have been sold at approximately the same time as the assessment valuation was made. In connection with the price obtained for this building we feel we are justified in considering that there were undoubtedly many factors that influenced the Bankers Life Company in selling the property at the price it did and we also feel that we are justified in giving consideration to the fact that the appellant-association was not in a position, by reason of statutory restriction, to invest more than it did in the purchase of the property.

II. Various types of evidence concerning the building in question were presented for the consideration of the trial court and have also been considered by us. These include the cubic contents of the improvements, the location of the improvements, ground values as they relate to key properties as a basis of comparison for valuation purposes, type of construction, the age of the building, the productivity of income, estimated reproduction cost of the improvements and estimated depreciation of them. In re Appeal of Massachusetts Mut. L. Ins. Co., 233 Iowa 916, 926, 11 N. W. 2d 17; Iowa Building Corp. v. Zirbel, 237 Iowa 242, 248, 21 N. W. 2d 576. For annotations relative to evidence concerning income or rental value as a factor in valuation of real property for tax purposes see 95 A. L. R. 442; for annotations relative to reproduction cost as a proper factor in assessing real property for taxation see 104 A. L. R. 790.

III. The burden of proof is upon the complaining taxpayer to show that the valuation of which complaint is made is in excess of the actual value. Talbott v. City of Des Moines, 218 Iowa 1397, 1403, 257 N. W. 393, and cases cited. As many times stated by this court, there is a presumption in favor of

the valuation fixed by the assessor. Call v. Board of Review, 227 Iowa 1116, 1119, 1120, 290 N. W. 109, and cases there cited; Butler v. City of Des Moines, 219 Iowa 956, 963, 258 N. W. 755; Trustees of Estate of Flynn v. Board of Review, 226 Iowa 1353, 1357, 286 N. W. 483, and cases cited; Hanson v. Local Board of Review, 232 Iowa 390, 393, 4 N. W. 2d 384; Bennett v. Board of Review, 234 Iowa 800, 810, 13 N. W. 2d 351; Iowa Building Corp. v. Zirbel, 237 Iowa 242, 244, 21 N. W. 2d 576. Despite the fact that appellant has raised the contention that certain items should be considered as expense in connection with the consideration of the income of the property, yet upon a review of all of the evidence and the questions raised including that of the inequality of assessment we feel that the appellant has not met the burden of proof placed upon it in showing that the assessment was improper and inequitable. We therefore affirm.—Affirmed.

All JUSTICES concur.