Margaret **MARKWARDT** et al., Appellants,

v.

**COUNTY BOARD OF REVIEW In and For FRANKLIN COUNTY, Iowa, and Owen Henning, Victor Berding, Elmer Olson, Gerald Creeden, and Jerry Staley, Members of said Board, and E. R. Christensen, County Assessor in and for Franklin County, Iowa, Appellees.**

No. 53808.

Supreme Court of Iowa.

Feb. 10, 1970.

Boyle, Schuler & Oltrogge, Clear Lake, for appellants.

Lee B. Blum, Hampton, for appellees.

REES, Justice.

This case involves appeals from the decree of the district court confirming the

action of the county assessor and board of review in Franklin county in 17 farmland assessment appeals separately filed and consolidated for trial as all involved common questions of law. Trial court denied all appeals and dismissed petitions. We affirm.

Only the petitions of appellants Margaret Markwardt and B. J. Doane, Jr., are set forth in the record. The petitions of the other 15 appellants are identical in form and substance as the Markwardt and Doane petitions with the exception of the variance of the amount of claimed overassessment in each case. Attached to the petition in each case as Exhibit "A" was a copy of the petition to the board of review of Franklin county, and in each case the appellant bottomed his petition to the board of review upon the claim that his property was assessed for more than the value authorized by law, which protest is authorized by section 441.37(2) Code, 1966, and that there is an error in the assessment, which protest is authorized by section 441.37(4) Code, 1966. The first ground for protest, that is to say, that the property in each of the cases was assessed for more than the value authorized by law is not urged on appeal. The claimed error in assessment in each case is that the Franklin county assessor in making the 1968 assessments of farmlands arbitrarily increased the 100% actual value of land in determining the 27% assessed valuation thereof, and in so doing he used a blanket mathematical formula which he applied to the lands of each of the appellants, and that he did not go upon the land of any of the appellants for the purpose of examining or studying the lands prior to such claimed arbitrary increase of the appellants' 100% actual land value over the 100% actual valuations as they appeared on the 1967 real estate assessment rolls. Appellants claim the assessor, in raising such valuations over the 1967 values, used a blanket mathematical formula which he applied to all farmlands in Franklin county, and that by so doing he acted illegally, capriciously and arbitrarily and without authority in using and applying such blanket mathematical formula, and illegally, capriciously and arbitrarily raised by 30% the 1967 assessed valuation of all of appellants' real estate to determine the 27% valuation of actual value shown on the 1968 real estate assessment rolls. Each appellant claimed the assessor did not use a judgment factor in making up the 1968 real estate assessment rolls, but instead used a mathematical blanket formula, and in so doing acted illegally, and in effect did not make a valid assessment on the lands of the appellants or of any other farmlands in Franklin county. This, we feel, is a succinct statement of the appellants' position.

The appellants rely upon five propositions for reversal. Propositions I, II and V all have the same thrust; in them the appellants contend that capricious action by an assessor entitles them to relief without proof of excessive, inadequate or inequitable valuations in comparison with other properties of similar character. In their third proposition relied upon for reversal, appellants assert that the trial court should not have recognized the use by the assessor of a real estate sales assessment ratio study computed, published and circulated by the State Tax Commission in 1966, as the same was not an accurate or verified study upon which the assessor was justified in relying. In Proposition IV relied upon for reversal, the appellants contend the utilization by the assessor of appraisals of subject real estate by independent experts in increasing the valuations of properties for the assessment year 1968 overcomes the presumption usually indulged in that the assessment is regular and proper. They further contend in the absence of a personal inspection of each tract by the assessor contemplated by section 441.21, Code, 1966, the presumption of regularity is also overcome and should have been disregarded by the trial court.

I. Prior to 1965 there had never been a professional appraisal of farmlands in Franklin county, and in that year the coun-

ty conference board employed the J. M. Cleminshaw Company of Cleveland to make an appraisal of all farmlands and other properties in Franklin county for the purpose of equalizing property values to achieve uniformity within Franklin county and between the county and counties adjacent to it. The Cleminshaw appraisal was finally finished in October of 1966. The methods employed by the Cleminshaw organization in making its appraisal all appear in the record, but we do not deem reference to it significant to this appeal. It is sufficient to say that the Cleminshaw valuations were accepted and without material change were available to the county assessor of Franklin county at the time he, in 1968 was obliged to fix valuations on farmlands as of January 1, 1968. The Cleminshaw figures were utilized by him as the basic valuation which he increased by 30% as to each and every separate tract of farmland in Franklin county. The regular assessment year would have been 1969, but the Sixty-second General Assembly changed the assessment year from 1969 to 1968, requiring assessment of all real estate as of January 1, 1968. By its enactment of chapter 354 of its Acts, the Sixty-second General Assembly, by amending section 441.21, Code, 1966, made the terms actual value and market value synonymous, and required all properties to be assessed at 27% of market value as of January 1, 1968. This statute became effective on publication on August 3, 1967. Therefore a period something less than five months elapsed between the effective date of the new statute and the date upon which valuations of farmlands were to be brought in conformity to it. The assessor had available to him and testified that he had studied and used the real estate assessment ratio study for 1966 which was prepared by the State Tax Commission pursuant to section 421.17(6), Code, 1966. The 1967 study by the tax commission was not then available. The assessor also obtained and utilized data which had been assembled by two employees of the state tax commission. The study by the staff members of the tax commission reflected information relative to other counties which was used by the Franklin county assessor as a basis of comparison. To further inform himself he talked with real estate brokers, farmers, county assessors of other counties and conducted investigations on his own as to the sale price of lands. He determined that 2.54% of Franklin county farmlands had been the subject of sales in 1966, and by referring only to such sales out of the lands so sold in 1966 which were the subjects of deeds rather than contracts, he determined that the assessment ratio was 19.4% of the average sale price, which he concluded justified an increase in valuations in keeping with the statutory directives of an overall 30% as to all farmlands in Franklin county, that is to say, insofar as the increase of 1968 valuations over 1967 valuations were concerned. This method of assessment is attacked by the appellants and characterized by them as the use arbitrarily of a mathematical formula as opposed to the employment of an independent judgment in the assessment of each individual tract of farmland. The appellants do not claim the assessments are excessive or more than authorized by law, and further make no claim the assessments are inequitable.

Prior to the enactment of chapter 354 of the Acts of the Sixty-second General Assembly, it was provided by statute, section 441.21, Code, 1966,

"In arriving at said actual value the assessor shall take into consideration its productive and earning capacity, if any, past, present, and prospective, its market value, if any, and all other matters that affect the actual value of the property; and the *burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate or inequitable."* (Emphasis supplied.) Section 441.21 as amended by chapter 354, Acts 62nd G.A. now provides,

"The burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate, inequitable, or capricious * * *."

■ The position of appellants here shortly stated is that the legislature having added the word "capricious" to the pertinent statute, affords the appellants an independent ground for appeal from assessments, and being stated as it is in the disjunctive that capricious action alone, if proven, would support an appeal even in the absence of a showing that the valuation is excessive, inadequate or inequitable. The trial court did not see fit to adopt the position of the appellants, nor do we. If there is a defect in the assessor's exercise of judgment in increasing the valuations in the manner in which he did increase them, it is incumbent upon the appellants to point them out as being either excessive, inequitable or inadequate. The figures adopted by the assessor as of January 1, 1968, have the same uniformity as the figures adopted by the Cleminshaw appraisal organization, and the appellants have no quarrel with the Cleminshaw figures. The appellants having failed to prove excessiveness and not having claimed either inequitable or inadequate treatment, have not established that the assessor committed error which would require the 30% additions to valuations be removed.

■ II. In view of the appellants' position on the addition of the word "capricious" to the statute referred to above, some elaboration on this question would seem to be indicated. There are many cases which repeatedly have defined the phrase "arbitrary and capricious" used in its legal sense to mean without rational basis. Dell Publishing Company v. Summerfield, D.C., 198 F.Supp. 843, 844, 845; Eastern Central Motor Carriers Ass'n. v. United States, D.C., 239 F.Supp. 591, 594. The phrase has also been defined, "arbitrary or capricious action on the part of an administrative board means willful and

unreasonable action, without consideration and in disregard of the facts or circumstances of the case; action taken without some basis which would lead a reasonable and honest man to such action." State Board of Tax Commissioners v. Chicago, M. St. P. & P. R. Co., 121 Ind.App. 302, 96 N.E.2d 279, 282. We do not feel that the addition of the word "capricious" to section 441.21, Code, 1966, creates a new and separate ground for attacking an assessment. Appellants argue, or appear to argue, that "capricious" action by an assessor exclusive of any excessiveness, inequity or inadequacy is an error and can be the sole basis for a protest of assessment under section 441.37(4), Code, 1966. Such an argument is questionable in view of the history of the administrative law doctrine of "arbitrary and capricious action". Arbitrary and capricious action has been an established ground upon which the action of an administrative body can be reviewed in the courts. In administrative law the doctrine of "arbitrary or capricious action" refers to an agency's unreasonable action or decision that results in injury to the complainant. It can be argued then that the addition of the word "capricious" to section 441.21 of our code is simply an attempt to embrace in our statute a doctrine that is unquestionably established in the case law of this and all other states. As such, it does not add a new ground for appeal but embraces in our statute what should be alleged when appealing from the ruling of an administrative body. An allegation that an administrative body has acted arbitrarily or capriciously does not in and of itself state a cause of action but is used to describe the action of an agency which has resulted in some alleged injury to the complaining party.

■ We must presently consider whether or not there was in fact capricious action by the assessor in this case. We do not feel that the addition of the word "capricious" to the statute creates an exclusive or additional ground for appeal in cases of this character. We cannot here

conclude the assessor acted other than rationally and that there was any evidence of action on his part without a rational basis. We have held that mathematical exactness is not a requirement for assessments and that all an assessor must do is to exercise a reasoned judgment under the strictures of the law. Deere Mfg. Co. v. Zeiner, 247 Iowa 1364, 1377, 78 N.W.2d 527, reh. den. supplemented 79 N.W.2d 403; Chicago & N. W. Ry. Co. v. Iowa State Tax Commission, 257 Iowa 1359, 1370, 1371, 137 N.W.2d 246, 252. It is also clear from the language of our statute that the taxpayer must show injury and such burden is not met by showing merely a difference of opinion between the appellants' witnesses and those of the assessing authority, and unless it is manifest the valuation is grossly excessive and is a result of the will and not the judgment, the assessment will be sustained. Chicago & N. W. Ry. Co. v. Iowa State Tax Commission, supra, at 1371, 137 N.W.2d 246.

■ Since the word "capricious" implies a standard of rationality, whether or not an action by an assessor is capricious will depend in a large measure on the circumstances of the particular case. In the case before us, because of the short period of time permitted for assessing the various properties and for applying the rules of a recently enacted tax statute, the assessor was under unique and unusual pressure to complete his work in an abnormally short period of time. The evidence is clear and undisputed that it would have been impossible for the assessor to have inspected each piece of property individually prior to assessment in 1968. Instead he gathered as much information as he could in the manner referred to hereinabove. He referred to a recent appraisal made by a professional appraisal firm. Such an appraisal can be legally used by the county assessor in helping to establish values. Daniels v. Board of Review, 243 Iowa 405, 408, 52 N.W.2d 1, 3. From such information and the other information available to him, he made an official judgment that the valuations of all farmlands in Franklin county should be increased by 30%. Under the strained, almost emergency conditions, it could not be said that the assessor's judgment was capricious or without rational basis. While under normal circumstances the law requires personal inspection of the property sought to be assessed, such rules should not apply with rigidity here because of the abnormal time element involved. It should be observed the shortness of time available to the assessor was not due to any official acts of omission or commission on the part of the assessor himself, but was the consequence of the action of the legislature and the state revenue department.

■ III. Appellees in Division I of their brief and argument advance the proposition that the record is insufficient to support the appeal for the reason no record of a notice of appeal to the district court from the actions of the board of review appears in the printed record, and that it also fails to include a statement of points on which the appellant will rely on the appeal. This deficiency is remedied by the filing of a supplemental record which filing was in conformity with the entry of an order by the trial court which in effect settled the record. We deem the record to be complete for the purposes of this appeal.

■ IV. Appellees in Division IV of their brief and argument advance the contention the 1968 assessed valuations of each of the appellants should be increased to the amount of actual value testified to in each case by the expert appraisers of the appellant. We are considering here the appeals of the appellants only; no cross appeal has been taken by the appellees. Appellants contend that on the property owners' appeal the valuation cannot be increased. Both appellees and appellants cite as authority for their proposition the case of Central Life Assurance Society v. City of Des Moines, 212 Iowa 1254,

**402**

238 N.W. 535, 78 A.L.R. 551. At page 1262, 238 N.W. at page 538, this court held on an appellee's appeal from the board of review to the district court the tribunal had no power or authority to increase the assessment, and that an increase can be made only on an appeal taken by "any officer of a county, city, town, township or school district interested". We are moreover concerned here with uniformity in the fixing of valuations, and would be reluctant to increase the valuations of the appellants' properties on the record before us. To do so would be to place the valuations of the properties of the appellants on a basis which would be comparably inequitable or excessive.

We are forced to the conclusion, as was the trial court, the assessor's judgment was fairly exercised. The case is affirmed.

Affirmed.

All Justices concur.