John F. TIFFANY, (a/k/a J. F. Tiffany),
et al., Appellants,

v.

COUNTY BOARD OF REVIEW IN AND
FOR GREENE COUNTY, Iowa,
et al., Appellees.

No. 54285.

Supreme Court of Iowa.

June 17, 1971.

Cudahy & Wilcox and Gerald W. Magee, Jefferson, for appellants.

R. K. Richardson, County Atty., and Richardson & Handley, Jefferson, for appellees.

REES, Justice.

This is an appeal from the district court's decree as to valuation of items of personal and real property for tax purposes for the year 1968. Plaintiffs had previously appealed their assessments to the Greene County Board of Review.

Plaintiffs allege that the district court erred in its decision as to the following:

1. A field harvester which plaintiff John F. Tiffany contends should have been deleted from his assessed property list.

2. Three items of farm machinery which taxpayers contend were illegally and excessively valued.

3. Farm buildings and farmland which the taxpayers contend were excessively and illegally valued.

The district court heard testimony and lowered the values on the machinery and both sets of farm buildings involved. Plaintiffs appeal for further reductions and to eliminate the field harvester from their tax assessment rolls.

I. This case involves the tax statute which is now § 441.21, Code, 1971, but which was in the form found in Chapter 354 of the Sixty-second General Assembly when applied to the facts in this case. The amendments in 1969 are now embraced in § 441.21, Code, 1971. The 1969 amendments directed that the assessor give 50 percent consideration to productivity and net earning capacity and current use when valuing agricultural property. These 1969 amendments were not in the statute when applied to the facts in this case and are not a part of our consideration here.

II. Chapter 354 of the Sixty-second General Assembly stated all real and tangible personal property subject to taxation shall be valued at its actual value and assessed at 27 percent of actual value to determine taxable value of the property.

The statute then defined actual value as follows,

"The actual value of all property subject to assessment and taxation shall be fair and reasonable market value of such property. 'Market value' is defined as the fair and reasonable exchange in the year in which the property is listed and valued between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and each being familiar with all the facts relating to the particular property. Sale prices of the property or comparable property in normal transactions reflecting market value, and the probable availability or unavailability of persons interested in purchasing the property, shall be taken into consideration in arriving at its market value. In assessing and placing a value on agricultural property, said value shall be determined on the basis of its current market value as reflected by its current use."

The statute further provides,

"In the event market value of the property being assessed cannot be readily established in the foregoing manner, then the assessor may consider its productive and earning capacity, if any, industrial conditions, its cost, physical and functional depreciation and obsolescence and replacement cost, and all other factors which would assist in determining the fair and reasonable market value of the property but the actual value shall not be determined by use of only one such factor."

The old statute on taxation, § 441.21, Code, 1966, provided as follows,

"In arriving at said actual value the assessor shall take into consideration its (all taxable property) productive and earning capacity, if any, past, present, and prospective, its market value, if any, and all other matters that affect the actual value of the property; and the burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate or inequitable."

Changes in the statute from § 441.21, Code, 1966, to the statute in Chapter 354,

62nd G.A., will be noted and discussed in the determination of the issues raised by this appeal. We note the particular issues raised by this case involve a new statute and are matters of first impression before this court.

III. Plaintiffs allege three errors by the trial court:

1. That the court erred in failing to find the taxing authority had not followed the guidelines for determining fair and reasonable market value as set out in Chapter 354, section 1, 62nd G.A.

2. That the court erred in failing to follow the statutory provision (found in Ch. 354, 62nd G.A.) that shifts the burden of proof to the assessor after the taxpayer presents evidence of value lower than assessed value by at least two disinterested witnesses. The specific error alleged is the failure to find the assessor had not met the taxpayer's evidence as to lower value.

3. That the court erred in failing to find plaintiff John F. Tiffany did not own the field havester and that it should be removed from taxpayer's assessment list.

More specifically, plaintiffs argue with regard to the three items of machinery that the court's valuations were excessive in light of the taxpayer's evidence. The evidence as to value of the three items is as follows:

1. A *J. D. Tandem Disc*—valued by assessor at $75, while highest value given by plaintiffs' three witnesses was $35; district court set value at $50.

2. A *Badger Silo Blower*—all of plaintiffs' valuation witnesses, except one with no opinion, valued this item at $200; assessor valued it at $410; court set value at $300.

3. A *Badger Silo Unloader*—value made by assessor was $715; the plaintiffs valued it at $550; two of plaintiffs' witnesses valued it at $400 and $250, respectively; district court set value at $600.

Based on such evidence, the plaintiffs argue they provided evidence as to value of the machinery, but that assessor relied solely on book guidelines as to value of farm machinery compiled by the state taxing authority. Plaintiffs further argue that the assessor and the Board of Review never actually observed these machine items, and that a taxpayer has a right to appeal as to value of specific property items.

With regard to the alleged excessive and illegal valuation of farm real estate and buildings, plaintiffs argue the assessor failed to follow the statute in that he used the method of replacement cost-depreciation to value the farm buildings. Plaintiffs and their witnesses argue farm buildings have a fair market value when such buildings are considered in conjunction with the farmland as a unit. Thus, they insist the assessor erred in failing to value the land and buildings as a unit and by not using fair market value methods. The witnesses for plaintiffs made their valuations of the farm buildings on the basis of their worth as related to the market value of the farm as a unit.

Plaintiffs contend the assessor was arbitrary and unreasonable in requiring more than taxpayer's word and a showing of some checks to establish that taxpayer's son owned the field harvester. Plaintiff John F. Tiffany argued that his son had always owned the harvester but that it had been carried on the plaintiff's tax roll because, prior to the passage of the $2500 tax credit on personal property, there had been no reason not to list it there.

IV. The defendant-assessor argues that the trial court did not err in refusing to remove the field harvester from John F. Tiffany's tax assessment roll. Assessor further contends the trial court was under no obligation to further reduce the valuations for the items of machinery and for the farm buildings and land.

Specifically, defendants contend an Attorney General's Opinion of December 27, 1968 permits the assessor the discretion to require further documentation of ownership of personal property for purposes of applying the newly enacted $2500 tax credit. The only restraint on such discretion is that it must not be used in an arbitrary or unreasonable manner.

Defendants make essentially similar arguments to support the trial court's position with regard to the valuations of the machinery and the farm buildings and land. Defendants say a reviewing court must look not to the individual items which make the aggregate assessed value, but rather the court should look only at the aggregate assessed value to determine whether that figure alone is excessive. Defendants also argue that no burden of proof passed to them even though it could under the new statute; no burden passed to them because, they claim, taxpayer's witnesses accepted, for the sake of argument, the assessor's land values and then simply gave different values for the farm buildings, which values were added to the land value.

V. The specific areas of dispute in this case, i. e., the valuation of machinery, farm buildings and land, and the status of the field harvester for tax credit purposes, raise some fundamental issues concerning the interpretation and application of the newly enacted tax statute, Ch. 354, 62nd G.A., or in its present amended form, § 441.21, Code 1971.

One of the issues involved is what is the meaning of the statutory language which states that the burden of proof shifts to the assessor after taxpayer produces evidence by at least two disinterested witnesses that the value of property is lower than the assessor's value.

A second issue raised, particularly by the dispute over the value of the farm buildings, is how such property should be valued under the statute.

An important related issue is whether the new statute operates to implicitly change the standard for appellate court re-

view of cases that allege excessiveness and illegality in assessed valuations.

The final issue raised involves a determination of the nature and scope of the assessor's discretion in requiring taxpayer documentation of ownership of property that may be subject to the $2500 personal property tax credit.

VI. Considering first the issue of the standard for appellate review of an allegation of excessive and illegal valuation, we refer to § 441.39, Code, 1971, which provides that no presumption of validity of the assessor's valuation exists on appeals. In a case decided under the old statute, that is, the one prior to the enactment of Ch. 354, 62nd G.A., James Black Dry Goods Co. v. Board of Review, 260 Iowa 1269, 1276, 151 N.W.2d 534, 538, the court held that § 441.39 changed the prior law. The court in Black Dry Goods Co., supra, stated,

> "As noted in Division I, supra, the statute (old § 441.21, Code 1962) places on a complainant the burden of proving the assessor's valuation excessive, inadequate or inequitable. The strong presumption of the correctness of the valuation previously recognized in Butler v. City of Des Moines, 219 Iowa 956, 258 N.W. 755, and Des Moines Building-Loan & Savings Association v. Bomer, 240 Iowa 1192, 36 N.W.2d 366, has now been removed by statute * * *."

In a long line of cases of which Markwardt v. County Board of Review, Franklin Co., (Iowa), 174 N.W.2d 396, is one of the most recent, this court has said the taxpayer must show injury which is more than a difference of opinion, the valuation must be grossly excessive and the result of the will, not the judgment of the assessor. The amendments to our statutes have also necessarily eroded this principle.

■ We view the new statutory language as a directive to the taxing authority to first attempt to determine actual value by finding the fair market value defined in the statute, "as the fair and reasonable exchange in the year in which the property is listed and valued between a willing buyer and a willing seller, neither being under compulsion to buy or sell and each being familiar with all the facts relating to the particular property. Sale prices of the property or comparable property in normal transactions reflecting market value, and the probable availability or unavailability of persons interested in purchasing the property, shall be taken into consideration in arriving at its market value. In assessing and placing a value on agricultural property, said value shall be determined on the basis of its current market value as reflected by its current use." Under this view, our standard for review of an allegation of excessiveness and illegality is directed to an examination of the record to determine if the statutory standards have or have not been followed as a matter of law. The changes we perceive in the new statute require this court to discontinue application of the "grossly excessive—product of assessor's will not judgment" standard.

■ VII. A further requirement present in the statute's definition of methods to use in finding market value is that property be valued under the "willing buyer-willing seller" formula unless such value cannot be readily established. Thus, in order to use such factors as reproduction or replacement cost, depreciation, etc., the statute would seem to require some showing by the party who asserts that a particular type of taxable property has no market value as established by "willing buyer-willing seller" method, but that "market value" must be established by the other formulae. If the taxpayer meets his initial burden to show the property has an ascertainable market value under the "willing buyer-willing seller" formula, the assessor must negate such showing before he can use productive and earning capacity of property, physical and functional depreciation, etc. In this case the assessor made no effort to negate presence of market val-

ue under the "willing buyer-willing seller" test, and contested the market value evidence with formula value evidence, in an attempt to establish market value. This is not permissible. · Failure to make a showing of no ascertainable market value under the "willing buyer-willing seller" test where appropriate by the method the statute initially requires is a significant omission.

VIII. The third issue raised by the appeal is involved in interpreting the following statutory provision on burden of proof in tax appeal cases. This section of Ch. 354, 62nd G.A. is as follows,

"The burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate, inequitable or capricious; however, in protest or appeal proceedings when the complainant offers competent evidence by at least two (2) disinterested witnesses that the market value of the property is less than the market value determined by the assessor, the burden of proof thereafter shall be upon the officials or persons seeking to uphold such valuation to be assessed."

We have noted in the discussion above in Division VI that the statute, § 441.39, Code, 1971 operates to hold that no presumption of the validity of the assessor's valuation obtains on appeals by taxpayers. James Black Dry Goods Co. v. Bd. of Review, 260 Iowa 1269, 1276, 151 N.W.2d 534, 538, held that § 441.39 removed the former strong presumption as to the correctness of the assessor's valuation previously recognized in Iowa case law.

Whether the taxpayer on appeal has met his particular burden of proof under the terms of the new statute involves a consideration of the testimony introduced in each case. Initially the statute places the burden of proof on the taxpayer who appeals from the valuations set by the assessor.

Under the terms of the statute, when the appellant-taxpayer offers evidence by two or more competent, disinterested witnesses

that the market value of the piece of property in question is less than the value given by the assessor, the taxpayer has met his statutory burden.

■ In our case taxpayer met his burden of proof by producing three qualified witnesses who testified that according to their view the market values of the farm properties listed on the assessment rolls as tracts #11, #12, #193 and #194 were lower than the values determined by the assessor. Also the requisite number of witnesses testified as to lower values for each of three items of farm machinery, thereby allowing the taxpayer to meet his burden in that respect.

However, with regard to a third tract of farmland that appellant-taxpayer claims the assessor overvalued, we find that since only the taxpayer testified as to the value of this land, the burden of proof did not shift to the assessing authorities. This tract of land, referred to in the record as the "Keyes Farm" or the "Keys' Land" should be valued according to the valuation found by the trial court. We therefore affirm the trial court's judgment as to the "Keyes Farm" only.

Since the plaintiffs have met their burden of proof as to tracts #11, #12, #193 and #194 and the three items of farm machinery, the statute requires that the burden of proof shifts to the assessor.

The assessor testified as to the farmland and farm buildings that he used the valuation method of reproduction cost—depreciated to value the farm buildings. Such a method is improper in this case as we said *supra* in Divisions VI and VII. Because the assessor used an improper method to determine value, we hold that the assessor did not meet his burden of proof with regard to the tracts of property referred to as #11, #12, #193 and #194.

■ The assessor testified that he used a State compiled book of guidelines to value the items of farm machinery. These guidelines represent averages of values of

various types of machinery. We find that such evidence is not sufficient in view of the specific value evidence introduced by the taxpayer and his three witnesses. We therefore hold that the assessor failed to meet his burden of proof with regard to both the farmland referred to in assessment lists as #11, #12, #193 and #194, and the three items of machinery, the disc, the silage blower and the silo unloader.

The final issue raised by the facts of this appeal involves the determination of the scope of the assessor's discretion in requiring that the taxpayer document ownership of personal property for the purposes of the $2500 personal property tax credit. Attorney General's Opinion dated December 27, 1968 above referred to is helpful in setting out what documentation, beyond the affidavits attached to the tax roll, the assessor can require. The essence of the Attorney General's Opinion is that the assessor had discretion to require production of whatever documentary evidence he feels is necessary in each particular case.

■ We share the view of the Attorney General, and hold that apart from a showing of unreasonable, arbitrary, or discriminatory use of the discretion, the assessor may require whatever documentation of ownership of property he deems necessary in the particular fact situation in order to substantiate personal property ownership for the $2500 tax credit.

■ IX. Based on the above discussion of the various legal issues involved, we now discuss the disposition of the factual situation before us. We hold that the assessor cannot prevail on the question of the values for the farm buildings and land for two reasons.

First, the assessor admitted in his own testimony that he valued the farm buildings by a "replacement cost less 17 percent depreciation" method. Where the assessor made no showing that such buildings have no ascertainable market value, measured according to the statutory definition (willing buyer—willing seller), he employed the wrong standard in his valuation.

Second, the assessor did not meet the evidence of plaintiffs and their witnesses that the buildings had a lower value than the assessed value. Plaintiffs presented witnesses that were qualified judges of farm sales and who testified farm buildings had a market value when considered with the farmland as one saleable or marketable unit. In his own testimony, the assessor admitted that replacement cost had no relationship to the market value of the farm buildings. He did not attempt to challenge the basis upon which the taxpayer's witnesses assessed value of the buildings. As we have stated above, he also failed to make any showing that replacement cost—depreciated is a proper method for valuing farm buildings where taxpayer shows that such buildings do have a "fair and reasonable" exchange value when viewed as part of the farm unit.

This court reviews the record de novo and must make its decision based on the evidence of value before it. Neither side made any real effort to show recent sales of the identical property or to show recent sales of comparable property. To that extent this case differs from Juhl v. Greene County Board of Review (Iowa, 1971), 188 N.W.2d 351 (filed contemporaneously with this opinion).

■ Both sides properly agree that under the new rule, when the fair market value test is applied to farmland, it should be applied to the property as a unit, that is, to the land and buildings combined. Because of the newness of the fair market value standard this was not expressed as clearly by the witnesses as it might be in future cases. Based on the evidence before us we find the fair market value of the real estate including buildings and improvements to be as listed below. Since the assessor's formula valuation method is contrary to statute in this case, it cannot be considered.

We find that the 100 percent actual value for the J. F. Tiffany farm—land and improvements—#11 and #12 on the assessment rolls, is $60,121.00; the R. F. & DeSales Tiffany Farm—land and buildings—#193 and #194 on the assessment rolls, is $61,402.00.

With regard to the three items of farm machinery, we find that the assessor failed to adduce any proof sufficient to meet the taxpayer's evidence of value and thereby order the trial court to set the valuation as to the disc, silo blower, and silo unloader at values consistent with the evidence of the taxpayer.

We find that the 100 percent actual value of the three items of personal property is as follows:

| | | | |
|---|---|---|---|
| 1. | J. D. 12′ tandem disc no wheels | $35.00 | actual value |
| 2. | Badger silage blower | $200.00 | actual value |
| 3. | Badger silo unloader | $550.00 | actual value |

Finally, with regard to the issue of the field harvester ownership, we hold that the assessor was within his discretion in requiring further documentation of taxpayer's assertion that his son owned the machinery. The only evidence in the record is the plaintiff's testimony that he showed the assessor checks made out by the plaintiff's minor son which were in payment for the harvester. The checks themselves were never introduced as evidence. Under the facts, especially the fact that plaintiff John F. Tiffany was asserting non-ownership after previously listing the harvester on his assessment roll, and the fact that this assertion coincided with the first year in which the $2500 tax credit applied, the assessor did not abuse his discretion in asking for further proof of ownership. We therefore affirm the trial court's decision as to the field harvester and reverse as to the farm buildings and the three items of machinery and remand for proceedings and decree not inconsistent with this opinion.

Affirmed in part, reversed in part and remanded.

All Justices concur, except STUART and MASON, JJ., who concur specially and REYNOLDSON, J., who takes no part.

STUART, Justice (concurring specially).

The law has long recognized two distinct concepts of burden of proof and I believe we should make it clear which meaning we are applying to the last paragraph of section 1, Chapter 354, Laws of the Sixty-second General Assembly.

In a strict sense burden of proof refers to the quantum of evidence by which a party pleading an issue must prove it—the burden of persuasion. In a secondary sense, it is used as the necessity of going forward with the evidence after a party has made a prima facie case by evidence, rule or statute. Wilson v. Findley (1937), 223 Iowa 1281, 1299–1300, 275 N.W. 47, 56–57; Hoover v. First American Fire Insurance Co. (1934), 218 Iowa 559, 570–571, 255 N.W. 705, 711; 29 Am.Jur.2d, Evidence, §§ 123–124, pp. 154–156; 31A C.J.S. Evidence § 103, pp. 164–166.

In my opinion the legislature in the above cited section used the term burden of proof in the sense of going forward with the evidence. Although we have recognized in one class of cases that the burden of persuasion may shift, In re Estate of Lundvall (1951), 242 Iowa 430, 440, 46 N.W.2d 535, 540, I believe statutory language should indicate a clear legislative intent to depart from the traditional rule that the burden of proof, in the strict sense, remains on the party pleading the issue.

The majority opinion does not resolve the question. I would settle it as indicated above.

MASON, J., joins this special concurrence.