**Eldon JUHL, Appellant,**

v.

**GREENE COUNTY BOARD OF REVIEW,**
**Appellee.**

**No. 54284.**

Supreme Court of Iowa.

June 17, 1971.

L. F. Wilcox of Cudahy & Wilcox, Jefferson, for appellant.

R. K. Richardson, Jefferson, County Atty., for appellee.

REES, Justice.

This is an appeal from the district court's decree setting the value for tax purposes of plaintiff's elevator property located in Dana, Iowa. This particular property had been previously valued by the assessor as having a 100 percent actual value of $74,704. In the year in which this case arose, the assessor and Board of Review of Greene County set a 100 percent actual value of $65,094 for the elevator property. On an appeal by the plaintiff-taxpayer, the district court heard evidence and then set the 100 percent actual value at $46,500. The taxpayer appeals from this judgment of the district court. We reverse the judgment and remand.

I. Plaintiff in his propositions relied on for reversal alleges two errors made by the district court. First, he alleges the court erred in valuing the elevator property at

$46,500 when the evidence showed that according to the statutory definition this property had a market value of $35,600, such value being the amount of a recent contract installment sale between the previous owners and the plaintiff. Secondly, the taxpayer alleges the court erred in failing to find that the burden of proof shifted to the assessor after taxpayer introduced evidence by two qualified, disinterested witnesses that the elevator property had a fair market value less than that given by the assessor.

II. There are two issues raised by the facts and the propositions relied on for reversal.

The first issue is whether the contract-installment sale of the elevator property provides proper and sufficient evidence of fair market value according to the statutory definition set out *infra*. The second and related issue is whether the burden of proving value shifted from the taxpayer to the assessor and if it did shift, whether the assessor met his burden of proof.

III. This case involves a new tax statute, Chapter 354, Sixty-second General Assembly. Amendments were later added to Chapter 354, 62nd G.A., and the amended statute is in the form found in § 441.21, Code, 1971. These 1969 amendments were made after this case was tried and because of this are not part of our consideration here. We apply the version of the statute found in Ch. 354, 62nd G.A. to this case. The statute provides in part,

"The actual value of all property subject to assessment and taxation shall be fair and reasonable market value of such property. 'Market value' is defined as the fair and reasonable exchange in the year in which the property is listed and valued between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and each being familiar with all the facts relating to the particular property. Sale prices of the property or comparable property in normal transactions reflecting market value,

and the probable availability or unavailability of persons interested in purchasing the property, shall be taken into consideration in arriving at its market value. In assessing and placing a value on agricultural property, said value shall be determined on the basis of its current market value as reflected by its current use."

The statute now provides that adjustments shall be made to eliminate factors which may distort market value. Chapter 354, 62nd G.A. later provides,

"In the event market value of the property being assessed cannot be readily established in the foregoing manner, then the assessor may consider its productive and earning capacity, if any, industrial conditions, its cost, physical and functional depreciation and obsolescence and replacement cost, and all other factors which would assist in determining the fair and reasonable market value of the property but the actual value shall not be determined by use of only one such factor."

The section of Chapter 354, 62nd G.A. on burden of proof states,

"The burden of proof shall be upon any complainant attacking such valuation as excessive, * * *; however, in protest or appeal proceedings when the complainant offers competent evidence by at least two disinterested witnesses that the market value of the property is less than the market value determined by the assessor, the burden of proof thereafter shall be upon the officials or persons seeking to uphold such valuation to be assessed."

■ We have carefully considered the interpretation of this new tax statute in the recent case, Tiffany v. County Board of Review, Iowa, 188 N.W.2d 343, filed June 17, 1971. We held in the Tiffany case that this statute defines market value initially according to the "willing buyer-willing seller" formula. Thus the statute contemplates the willing buyer-willing sell-

er standard shall be first used. Other denominated methods may be used only if the property has no readily ascertainable market value under the buyer-seller test. Stated otherwise, the assessor (and later the court) may use one or more of the formulae based on productivity, earning capacity, industrial condition, cost, depreciation and the like if, *and only if,* the market value cannot be readily ascertained, under the willing buyer-willing seller formula.

The burden of proof is on the complainant who attacks the assessor's valuation as excessive. However, when the taxpayer introduces competent evidence by at least two qualified, disinterested witnesses that the value of property is lower than found by the assessor, the burden of proof shifts to the assessor. Plaintiffs produced such evidence in this case.

IV. The record shows an arm's-length contract-installment sale to plaintiff in the year the elevator property was assessed. This evidence is persuasive. Taxpayer does not rely solely on evidence of the recent sale of the identical property. He produced two disinterested witnesses who testified the fair market value of the property was somewhat less than the sale price. One of the witnesses, Gerald Clause, president of a local bank, testified he was familiar with the specific property involved in this case, that he made loans on other properties, and that he was well acquainted with real estate values in the Greene County area. Clause testified that while he would not have loaned money on the elevator facility, since the property did sell on the open market, it must be worth $35,000 or less. The other witness for the taxpayer was Elmer Eggiman, the owner of a realty firm in Jefferson, Iowa. Eggiman stated he buys and sells property and was familiar with property values in Greene County. He further testified that he was familiar with the taxpayer's elevator property. Eggiman gave his opinion that the market value of the property was $35,000

and this figure might be a little more than it would bring in a cash sale.

In this review de novo, § 441.39, Code, 1971, we hold the taxpayer carried his burden to show a readily ascertainable market value under the buyer-seller test, and produced two disinterested witnesses to show that the market value was less than that determined by the assessor. The burden shifted to the assessor to show one of two things: (1) that the fair market value of the elevator under the buyer-seller test was as assessed, or (2) that the grain elevator had no readily ascertainable market value defined according to the willing buyer-willing seller standard. In the event the assessor showed there was no readily ascertainable market value under the buyer-seller test he could use the criteria referred to by the statute as a second method. Absent such showing the second method could not be used. Here the assessor used the replacement cost-depreciated method where it was not proper. He failed to meet the burden of proof which had shifted to him after taxpayer's two witnesses had given competent evidence of lower value.

We find that the 100 percent actual value of taxpayer's property is as follows: The elevator property owned by the plaintiff Juhl, known as the E. A. Milligan & Son Elevator and Lumberyard, located on railroad property at Gilmore Street and Anyer Street in Dana, Greene County, Iowa, has a 100 percent actual value of $35,600.

The decree of the district court is, therefore, reversed and remanded for further proceedings in accord herewith.

Reversed and remanded.

All Justices concur, except STUART and MASON, JJ., who concur specially, and REYNOLDSON, J., who takes no part.

STUART, Justice (concurring specially).

I concur specially for the reasons expressed in this concurrence in Tiffany v. County Board of Review, et al., filed June 17, 1971, 188 N.W.2d 343.

MASON, J., joins this special concurrence.