Nancy RILEY, Appellant,

v.

**IOWA CITY BOARD OF REVIEW, Appellee.**

No. 94–1409.

Supreme Court of Iowa.

April 17, 1996.

As Amended on Rehearing April 17, 1996.

Peter C. Riley of Tom Riley Law Firm, P.C., Cedar Rapids, for appellant.

Sarah E. Holecek, Assistant City Attorney, Iowa City, for appellee.

Considered by LARSON, P.J., and CARTER, NEUMAN, ANDREASEN and TERNUS, JJ.

CARTER, Justice.

This appeal entails a de novo determination of the market value of two apartment complexes in the City of Iowa City for purposes of the real estate tax assessment. The appellant, Nancy Riley, is the owner of the properties. The properties were purchased by her on January 11, 1992, for an aggregate sum of $1,640,000.

The local assessor reassessed these two properties in the same month that appellant purchased them. This was a reassessment in the interim tax assessment year of 1992. The market values of the property deter-

mined by the assessor were $380,120 and $1,454,410, respectively. Those valuations were ultimately confirmed on appellant's protest to the local board of review in May of 1992.

In 1993, a regular assessment year, the assessor determined the market value of these properties to be $428,130 and $1,634,-130, respectively. Those valuations were also confirmed by the board of review on appellant's 1993 protest to that body. Pursuant to Iowa Code section 441.38 (1993), appellant pursued a statutory appeal to the district court from the final action of the board of review in each of the years at issue. The district court, as to each year, found that appellant had not shown the board of review's valuations to be excessive. Appellant has not sought review of the district court's decree as to the 1993 assessment, but does challenge the ruling affecting the 1992 assessment.

■ Because section 441.38 appeals are tried in equity, appellate review is de novo. Iowa R.App.P. 4. The court of appeals considered the valuation issues anew and found the most accurate evidence of value to be the January 11, 1992 sales price. It modified the assessment in each of the years at issue to correspond to that figure. We granted further review.

In challenging the court of appeals decision, the board of review asserts that under Iowa Code section 441.21(1)(b) (1993) a contemporaneous sale of the subject property does not conclusively fix its market value for purposes of assessment. We are satisfied that this assertion is correct. The language of the statute that bears on this point reads as follows:

Sale prices of the property or comparable property in normal transactions reflecting market value, and the probable availability or unavailability of persons interested in purchasing the property, shall be taken into consideration in arriving at its market value. In arriving at market value, sale prices of property in abnormal transactions not reflecting market value shall not be taken into account, or shall be adjusted to eliminate the effect of factors which distort market value....

Iowa Code § 441.21(1)(b) (1993).

■ We think it is clear from the wording of section 441.21(1)(b) that a sales price for the subject property in a normal transaction just as a sales price of comparable property is a matter to be considered in arriving at market value but does not conclusively establish that value. A sales price in an abnormal transaction is not to be taken into account unless the distorting factors can be clearly accounted for. Our agreement with the board of review as to the meaning of the statute does little, however, to contradict the decision of the court of appeals for the 1992 assessment year. This is because that court did not assume that the contemporaneous sales price was conclusive as to the property's market value. It merely found that this was the most persuasive evidence of the property's market value. On this point we agree with the court of appeals.

■ We begin our review of the valuation issue by making two findings. First, despite the board of review's assertion to the contrary, the January 11, 1992 sale of the subject property was a normal sales transaction. Although the board urges that the property was not listed with a real estate broker, the record shows that the hired manager of the apartment complex, who was a real estate broker, assisted the owner in advertising the property's availability. The appellant learned of the property through an advertisement in a Cedar Rapids newspaper and purchased it after it had been on the market for approximately six months. Second, there is evidence of both a sale of the subject property and comparable sales so as to require that a comparable sales approach be utilized in valuing the property. *Milroy v. Board of Review*, 226 N.W.2d 814, 819 (Iowa 1975); *Juhl v. Greene County Bd. of Review*, 188 N.W.2d 351, 353 (Iowa 1971).

The board of review presented two expert witnesses who valued the property higher than the assessor's valuation for 1992 and another witness who valued it lower than the assessor's valuation but above the January 11, 1992 sales price. One of the board of review's witnesses based his opinion on an

analysis of all apartment house sales in Iowa City from 1987 to 1992. He drew comparisons with the subject property based on median price per square foot, price of similarly aged properties per square foot, and price per square foot of apartment houses with a similar number of bedrooms. Another witness made valuation conclusions based on comparisons drawn from eight other Iowa City apartment complex sales after adjusting each as to age, location and average size. The third witness, who produced the lowest valuation, used a comparable sales valuation based on square footage comparisons and comparable rent comparisons of other apartment houses sold in the area.

In *Valley Forge Apartments v. Board of Review*, 239 N.W.2d 148, 151 (Iowa 1976), this court observed that no matter how desirable equalization in tax assessment may be, this may not be used as a substitute for those factors peculiar to the property being assessed that establish its value. In the present case, the board of review attempts to discredit the value reflected from an arms-length sales transaction by drawing comparisons from the general characteristics of other properties. We find this type of evidence for the 1992 assessment is less convincing than the consequences of an arms-length sales transaction. Consequently, for the 1992 assessment year we find the aggregate market value of the property to be $1,640,000 allocated between the parcels in the amounts of $339,480 and $1,300,520, respectively.

The judgment of the district court is modified to reflect our findings. Upon receipt of the procedendo, the district court, by separate entry, shall provide the proper certification to the county auditor and assessor as required by section 441.39. The costs of this appeal are assessed to the appellee.

**DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT MODIFIED.**